### SLOAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1922.)

No. 5713.

1. **Commerce** �köö47—**"Interstate commerce," within the meaning of White Slave Traffic Act, does not necessarily include transportation by common carrier.**

"Interstate commerce" is, among other things, passage of persons or property from one state to another, and to constitute an offense under White Slave Traffic Act June 25, 1910, § 2 (Comp. St. § 8813), it is not essential that the transportation be by common carrier.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. **Criminal law** �köö768(4)—**Instruction held not erroneous.**

An instruction that two counts in the indictment charged the same offense, committed in different ways, but that, if the jury should find defendant guilty on both, the court would take care of the matter in assessing the punishment, *held* not objectionable, on the ground that the language invited the jury to convict on the assumption that light punishment would be inflicted.

---

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against Selz Sloan. Judgment of conviction, and defendant brings error. Affirmed.

Chase Morsey, of St. Louis, Mo., for plaintiff in error.

Eustace C. Wheeler, Asst. U. S. Atty., of St. Louis, Mo. (James E. Carroll, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN and LEWIS, Circuit Judges, and VAN VALKENBURGH, District Judge.

VAN VALKENBURGH, District Judge. Plaintiff in error was convicted in the District Court for the Eastern District of Missouri under the White Slave Traffic Act (Comp. St. §§ 8812–8819). The following errors assigned were urged in this court:

(1) That the essential element of interstate commerce was absent.

(2) That it is apparent from the act as a whole that Congress had in mind the crossing of a state line by means of a common carrier engaged in interstate commerce; that transportation by automobile, as in the present case, does not fall within the act.

(3) That the court erred in its charge to the jury.

(4) That the evidence, particularly of the intent and purpose, is insufficient to establish the offense charged, and that defendant's demurrer to the evidence should have been sustained.

[1] It is well settled that interstate commerce is, among other things, passage of persons or property from one state to another. It does not necessarily, or, indeed, at all, involve the idea of a common carrier or the payment of fare or freight. United States v. Burch, 226 Fed. 974. As was said in Gibbons v. Ogden, 9 Wheat. (22 U. S.) 188, 6 L. Ed. 23:

"Commerce, undoubtedly, is traffic, but it is something more—it is intercourse."

In Wilson v. United States, 232 U. S. 563, 34 Sup. Ct. 347, 58 L. Ed. 728, the Supreme Court said:

"In order to constitute an offense under the act, it is not essential that transportation be by common carrier."

Assignments numbered 1 and 2, therefore, are without merit.

[2] The case was submitted to the jury upon the first and second counts of the indictment. These two counts differed in substance only in the following particulars: The first count charged that the defendant "did knowingly transport." The second count charged that he did "knowingly cause to be transported." The third assignment of error above referred to criticizes the following portions of the court's charge:

"The first count and the second count charge but a single offense. It is true that offense is charged in two different ways, but there is but one offense here. I am going to leave to you both this first count and the second count, and allow you to find whether this offense was committed in the one way or in the other, because it is within the province of the court to take care of that matter, should the verdict be one of guilty. * * *

"Now upon the first or second counts you may find the defendant guilty or not upon one or the other, or guilty upon both, or not guilty upon either.

But in the state of the law the court may very well take care of the proposition, if you should find the defendant guilty, when he comes to assess the punishment. But that is your privilege, and you may exercise it or not as you see fit. I repeat, there is but one offense charged; that is, the offense is charged with having been committed in one or two different ways."

Plaintiff in error insists that by this language the court invited the jury to find the defendant guilty on the assumption that he would receive light punishment. The charge, as a whole, amply negatives this contention; but even the language quoted does not justify the criticism of counsel. The court very appropriately advised the jury that the same offense was separately stated in different counts, that a single charge growing out of the same transaction was involved, and therefore, while it was proper that they should make a finding upon both counts submitted, the punishment would not, on that account, be duplicated. There is no intimation conveyed that a light penalty would be imposed.

The evidence is conflicting, but amply sustains the verdict of the jury. All the surrounding circumstances compel the conclusion that the defendant caused this young woman to accompany him on this trip to St. Louis, as he did on the subsequent visit to Chicago, for the immoral purpose charged in the indictment.

The judgment below is accordingly affirmed.