## HUGHES v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. January 28, 1925.)

No. 6606.

**1. Commerce ⊕➡33—Transportation of stolen car from one state into another and return is "transportation in interstate commerce."**

Transportation of a stolen automobile from one state into another, though it is transported back to the place of starting, is a "transportation in interstate commerce," within National Motor Vehicle Theft Act, § 3 (Comp. St. Ann. Supp. 1923, § 10418d).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transport—Transportation.]

**2. Receiving stolen goods ⊕➡1, 7(2)—Intent is not element of offense of transporting stolen vehicle in interstate commerce, and need not be charged.**

Transportation of a stolen motor vehicle in interstate commerce under National Motor Vehicle Theft Act, § 3 (Comp. St. Ann. Supp. 1923, § 10418d), need not be for purpose of engaging in act of commerce and such intent need not be charged in the indictment.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against J. S. Hughes. Judgment of conviction, and defendant brings error. Affirmed.

A. M. Beets, of Oklahoma City, Okl. (Paul G. Darrough, of Oklahoma City, Okl., on the brief), for plaintiff in error.

W. A. Maurer, U. S. Atty., and J. W. Scothorn and James A. Ingraham, Asst. U. S. Attys., all of Oklahoma City, Okl., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

TRIEBER, District Judge. [1] The plaintiff in error was indicted in two counts for violation of the National Motor Vehicle

*Certiorari denied 45 S. Ct. 511, 69 L. Ed. —.

Theft Act. 41 Stat. 324 (10418d, Comp. St. Ann. Supp. 1923).

The first count charges transportation of an automobile car, which is fully described, and which it is charged had been stolen from E. Scabo Brun, at Casper, Wyo., from Cloud Chief, in the Western District of Oklahoma, to Safford, in the state of Arizona, knowing that the same had been so stolen, and again from Safford in the state of Arizona, to Cloud Chief, Okl.

As he was acquitted of the second count, and only found guilty on the first, it is unnecessary to set it out. The bill of exceptions does not set out the evidence, so the only question before us is the sufficiency of the indictment. The contention of counsel for the plaintiff in error is that, as the indictment charges that the stolen car, after having been transported by him to the state of Arizona, was again transported from the state of Arizona to Cloud Chief in the Western District of Oklahoma, therefore it was not transported in interstate commerce. That transportation from one state to another is interstate commerce has been the settled law ever since the decision in Gibbons v. Ogden, 22 U. S. 188, 6 L. Ed. 23; Caminetti v. United States, 242 U. S. 470, 490, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Sloan v. United States (C. C. A.) 279 F. 562, decided by this court. In United States v. Winkler (D. C.) 299 F. 832, it was held that a stolen automobile transported from one point in the state to another point in the same state, but moving in its course through another state, constitutes an interstate transportation, within the meaning of this act.

[2] The contention of counsel is that the transportation must have been for the purpose of engaging in some act of commerce. If that is a correct construction of the act, it would practically be unenforceable, for how can the pleader state and on the trial prove the intent of the person who transported the car? He may transport it to another state for his personal use. In such a case there could be no conviction if this construction is correct. We do not consider this a proper construction of the act. This offense, like all violations within the jurisdiction of the courts of the United States, is statutory, and, as the statute does not require intent, to make it an offense, therefore it need not be charged in the indictment. United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619.

The indictment was sufficient, and the judgment is accordingly affirmed.