## HAGAN v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. November 28, 1925.)

No. 6681.

1. Automobiles ⬤⟞351 — Allegation held sufficient to cover movement of stolen automobile in interstate commerce, either under its own power or as freight.

Allegation that defendant did "transport and cause to be transported in interstate com-

*Rehearing denied February 2, 1926.

merce" a stolen automobile held sufficient to cover movement under automobile's own power or carriage as freight, and not defective for lack of particularization.

2. Commerce ⬤⟞33—Dyer Act, prohibiting sale and transportation of stolen automobiles, held not unconstitutional.

Dyer Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), prohibiting transportation in interstate commerce and sale of stolen automobile, held not unconstitutional, if interpreted as covering automobile moving under its own power.

3. Automobiles ⬤⟞351—Indictment in prosecution for sale and transportation of automobile held sufficiently to describe stolen car.

Indictment for transportation and sale of stolen automobile in violation of Dyer Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), describing automobile as a Marmon four-passenger touring automobile, bearing designated motor and body numbers and being property of named person, held sufficiently to describe car.

4. Witnesses ⬤⟞48(1)—Witness not incompetent because he was serving sentence in federal penitentiary.

Witness held not incompetent because, at time of trial, he was serving sentence in federal penitentiary, in view of Laws Kan. 1915, c. 267, § 1, and rule in federal courts removing such disqualification.

5. Criminal law ⬤⟞814(2)—Charge questioning existence of person held not erroneous, though government had admitted he would testify to certain effect.

Charge that there was evidence that a car claimed to have been stolen was bought from a man by name of W., and that, "if there was such a man," etc., held not erroneous, where under the evidence it would have been fairly within legitimate argument to question his existence, though government, to prevent continuance, admitted that W. would testify to certain effect.

6. Criminal law ⬤⟞641(1) — Affidavit that defendant's counsel was suffering from physical and mental disorders held not to require reversal.

Affidavit asserting that defendant's counsel was suffering from mental and physical disorders at time of trial, not discovered by defendant until after writ of error had been granted, held not to require reversal, where record showed careful trial and spirited defense.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

John G. Hagan was convicted of transportation and sale of automobile in violation of the Dyer Act, and he brings error. Affirmed.

J. Francis O'Sullivan, of Kansas City, Mo. (Harry Friedberg and Frans E. Lind-

quist, both of Kansas City, Mo., on the brief), for plaintiff in error.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., and Frank H. McFarland, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for the United States.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is a writ of error from a conviction upon two indictments, consolidated for trial, against Hagan and another, the first indictment charging transportation of an automobile and the second indictment charging sale of the same automobile in violation of the Dyer Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f). A light sentence was given on each indictment to be served concurrently.

Several grounds of error are presented here.

[1, 2] I. The indictment is attacked under two contentions. The first is a failure to allege that the automobile was transported upon some vehicle in interstate commerce as distinguished from moving under its own power; and, second, a claimed unconstitutionality of the act if it be interpreted as covering an automobile moving under its own power. The first of these contentions is unsound because the indictment alleges that defendants did "transport and cause to be transported in interstate commerce." This language is sufficiently broad to cover movement either under its own power or where the automobile was carried as freight. A particularization in this respect was not important to the statement of the offense and, therefore, cannot be urged against the sufficiency of the indictment although a statement of the character of such transportation might have been made more particular had defendant sought to have this done by a bill of particulars. As to the second contention, the validity of the Dyer Act has been sustained against attacks upon similar grounds in Brooks v. United States, 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37 A. L. R. 1407; Hughes v. United States, 4 F.(2d) 387 (8th C. C. A.); Whitaker v. Hitt, 52 App. D. C. 149, 285 F. 797, 27 A. L. R. 951; Kelly v. United States, 277 F. 405 (4th C. C. A.). And see Kelley v. Rhoads, 188 U. S. 1, 23 S. Ct. 259, 47 L. Ed. 359.

[3] It is also claimed that the indictment failed to sufficiently describe the stolen car. The description in the indictment was of a Marmon four-passenger touring automobile bearing designated motor and body numbers and being the property of a named person. It is difficult to treat this suggestion seriously.

[4] II. The main prosecuting witness was one Raymond Tate, who was, at the time of trial, serving a sentence in the federal penitentiary. It is claimed that he was an incompetent witness. If the competency of witnesses in a criminal case is to be determined by the law of the state where the case is tried, section 1, P. 267, Laws of Kansas 1915, removes the old common-law disqualification. If the federal courts determine for themselves the rules to be applied respecting competency of witnesses in criminal trials before them, that disqualification has been removed by the case of Rosen v. United States, 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406. Also, see Hurwitz v. United States, 299 F. 449, 453 (8th C. C. A.).

III. The contention that the application for a continuance should have been allowed is unsound because no abuse of discretion is shown in the record by this ruling and the government had made the statutory admission.

IV. Objection is emphasized in an attack upon a portion of the charge. Before the trial began, this defendant applied for a continuance on the ground of absence of a witness, Wilson. It was claimed, in the application, that Wilson would testify that he had sold this car to defendant several days before the automobile is alleged to have been stolen. The record discloses the following statement in the evidence:

"Mr. James: With your honor's permission and consent I would like to read Mr. Wilson's testimony at this time.

"The Court: Very well.

"Mr. James: The defendant Hagan at this time offers in evidence the testimony of the witness Frank E. Wilson, which is admitted by the government, that he, the said Frank E. Wilson, sold the automobile—

"The Court: No.

"Mr. James: Which is admitted by the government that if he, the Frank E. Wilson, was present at the trial of this case that he would testify that he sold the Marmon automobile described in the indictments, sold them to the Midwest Secret Service Company of Kansas City, Missouri, on or about October 20, 1921, and that he the said Frank E. Wilson had a good and valid title to said automobile, and that said automobile was not a stolen car."

This was all of the testimony in that regard except that of defendant to the same alleged transaction. In the course of the charge, the court said:

"There is evidence offered here on the part of one of the defendants that a concern with which he was connected bought this car from a man by the name of Wilson; the question is, what was known about it. If they did, if this was Nelson's car in Denver and was there stolen, of course this man Wilson, if there was such a man at all, was handling a stolen car. The question is, all the while, what the defendants knew in that respect."

The point here made is based upon the expression in the above quotation: "If there was such a man at all." It is contended that as this defendant alleged in his application for a continuance, that there was such a person and that if he were present he would testify to certain matters and because the government permitted the statement in the application, as to testimony, to be read to the jury, this amounted to an admission that such a person as Wilson existed and that if present his testimony would be as alleged and that the above expression in the charge destroyed the effect of such admission as to the existence of Wilson and, therefore, the entire effect of his testimony.

[5] We think that there was no admission on the part of the government as to the existence of the witness; that it would have been fairly within legitimate argument to question such existence under the circumstances shown by much of the evidence, and that the court committed no error in the above statement.

[6] V. It is strenuously contended that this conviction should be reversed "because the entire record discloses that plaintiff in error was incompetently defended, and the record in this court shows that counsel for plaintiff in error at the trial was suffering from grave mental and physical disorders and was therefore unable to properly defend him." It is alleged that knowledge of this incompetency did not come to Hagan until after this writ of error had been granted and the trial court had lost jurisdiction except to sign a bill of exceptions. This ground is sought to be supported by an ex parte affidavit, filed in this court, of one Herman S. Major who claims to be a physician in charge of a sanitarium at Kansas City and states that Hagan's attorney was under his charge at such sanitarium from May 19, 1924 to June 16, 1924, when he was suffering from "manic depres-

sive insanity, of the manical type"; that during such time the patient was violent, having to be constantly watched and confined and having delusions in connection with his legal business. There is also the statement that affiant "understood" that the patient had been confined, before coming to his hospital, in the Vineyard Hospital in Kansas City and on other occasions, and that it was his judgment that the trouble dated back a number of years and that the patient was unable to completely perform any intelligent labor in connection with his law practice for at least a year or more prior to coming to his sanitarium. This affidavit is a rather remarkable document through which it is sought to accomplish a very unusual result. A careful examination of this entire record evinces no lack of ability or alertness on the part of counsel for Hagan, either during or after the trial, and it must be remembered that the other defendant, whose interests were in line with and not opposed to Hagan, was defended by two counselors of experience and ability. Also, this case was tried before an able judge of long experience and it seems incredible that this counsel could have been mentally incompetent at the time of and in connection with this trial and no suspicion have occurred either to the judge or to Hagan himself. The record shows a careful trial and a spirited defense in the face of overwhelming proof of guilt. We think this ground should not be recognized.

The judgment should be and is affirmed.