## DRISKILL v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
February 20, 1928.

No. 5181.

1. **Criminal law** ⊜⇒1159(3)—**Court is not concerned with mere conflicts in testimony in determining sufficiency of evidence to support verdict.**

Court is not concerned with mere conflicts in testimony in examining evidence to determine its sufficiency to support verdict.

2. **Intoxicating liquors** ⊜⇒236(6½, 11)—**Evidence held to sustain verdict of guilty of unlawful possession and sale of whisky.**

In prosecution for unlawful possession and sale of whisky, evidence *held* sufficient to sustain verdict of guilty.

3. **Criminal law** ⊜⇒200(4)—**Conviction for possession and sale of same whisky held not to result in double jeopardy.**

Conviction for sale and possession of same liquor does not result in double jeopardy, since possessing and selling are distinct offenses, which may be separately punished.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

David B. Driskill was convicted of unlawful possession and sale of whisky, and he brings error. Affirmed.

Spencer B. Pugh and Croaff & Conway, all of Phœnix, Ariz., for plaintiff in error.

John B. Wright, U. S. Atty., of Tucson, Ariz., and G. Guy Axline, Asst. U. S. Atty., of Phœnix, Ariz.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment of conviction under an information containing 28 counts. Each of the odd-numbered counts charged the unlawful possession of a pint of whisky on some given date between March 26 and April 23, 1926, and each of the even-numbered counts charged the unlawful sale of the same whisky on the same date. The sufficiency of the testimony to support the verdict and judgment is the principal question presented for our consideration. As to this, of course, we are not concerned with mere conflicts in testimony.

[2] All of the sales were made by one Riggs, who was employed as cook in the Barbecue Café at Phœnix, Ariz., of which the plaintiff in error was proprietor. None of the sales were made by the plaintiff in error, nor is it claimed that he saw any of the sales when made, although at times he was present in the front part of the café when the liquor was sold in the rear. There was testimony tending to show, however, that the prohibition agent to whom the sales were made was introduced to the plaintiff in error some months previously and made known his desire to purchase a quantity of whisky. A sample of the whisky was then produced by the plaintiff in error and the agent pronounced it all right. No sale was made at that time, because of the presence of a third party.

The plaintiff in error took the agent outside the building and asked him how well he knew one Sims, who was the third party present. The agent replied that he did not know him very well, whereupon the plaintiff in error said that Sims would get them both into trouble by his presence when the sale was made; that he would not sell whisky in the presence of the two men; that such would be a conspiracy, and at the same time

he declared threateningly that, if any person did anything to Riggs, he would have to answer to him. On another occasion Riggs informed the agent in the presence of the plaintiff in error that in a few days they were going to have in 90 gallons of the best whisky he ever drank. The agent further testified that, in addition to the whisky purchased by himself, he had seen at least 50 bottles carried out by other persons from time to time. He also testified that on each purchase of whisky by him, save one, Riggs rang up the cash register, but what he placed therein or took out the witness did not know, as an envelope obscured the front of the register.

From these and other circumstances in the case we are unable to say that the testimony was not sufficient to warrant the jury in finding that the plaintiff in error aided, abetted, counseled, commanded, induced, or procured the commission of the several offenses by Riggs.

[3] Nor is there merit in the claim that double jeopardy resulted from the conviction for possession and sale of the same whisky (Albrecht v. U.. S., 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505), or in the claim that the sentence is void for uncertainty (Rice v. U. S. [C. C. A.] 7 F.[2d] 319; Alvarado v. U. S. [C. C. A.] 9 F.[2d] 385).

The judgment is affirmed.