## TONEY v. UNITED STATES.
### No. 5970.

Court of Appeals of the District of Columbia.
Argued Oct. 3, 1933.
Decided Oct. 30, 1933.

Harry T. Whelan and William B. O'Connell, both of Washington, D. C., for plaintiff in error.

Leo A. Rover and Roger Robb, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### PER CURIAM.

Plaintiff in error was convicted of unlawfully having possession of a large quantity of intoxicating liquor seized by the police in the premises 3201 Adams Mill Road Northwest, Washington, D. C. At the close of the evidence offered on behalf of the government, plaintiff in error moved for a directed verdict, which was denied, and plaintiff in error rested. The only question in the case is whether the motion should have been granted.

The evidence shows that on the night of the seizure police officers were stationed in a position to watch the Mill Road premises, and, while watching, saw plaintiff in error drive an automobile up to the house and enter by a rear door and return a few minutes later with a package, which he placed in the automobile and drove to number 68 U Street Northwest. The officers followed the car, and while plaintiff in error was in the U street house, went up to the car and found on the seat a package containing a half-gallon jar of liquid, which, after smelling, they concluded was whisky. For some reason they did not disturb the jar, nor did they arrest plaintiff in error, but went back to the Mill Road house to continue their watch. Shortly after their return, they saw an unidentified man drive a car into the rear of the premises and then drive away. They gave chase, and in the chase the fleeing car was overturned and the occupant escaped. Upon examination the car was found to contain a quantity of intoxicating liquor. The car had once been registered in the name of William A. Beasley and at the time of the seizure was registered in the name of James Toney of 68 U Street Northwest.

The officers then returned a third time to the Mill Road house, and about 1 o'clock at night plaintiff in error, in company with another man, drove up and circled round the house. The officers arrested him and searched his car but found no liquor. After taking him to the police station, a search warrant for the premises was obtained and a large quantity of intoxicating liquor found. He was thereupon charged with the unlawful possession of the liquor so found.

The evidence for the government showed that the electric light bills, gas bills, and telephone bills for the Mill Road house were in the name of William A. Beasley, that Beasley had formerly lived at 68 U Street, but had moved to the Mill Road house and had personally contracted for telephone, electric current, etc., at the latter address. There was nothing shown to connect plaintiff in error with these premises or the liquor found there save the two visits to the place made by him earlier in the evening. There was not a word to show that plaintiff in error rented or occupied or had any control or dominion over the premises or the liquor. There was nothing to show that he lived there, or what, if anything, his relationship to the place was. What evidence there was tended on the con-

trary to show that the premises were occupied by Beasley and were under his control. The brief of the government concedes the house was occupied by Beasley but insists the jury might reasonably have believed that plaintiff in error aided and abetted Beasley in maintaining the house and in carrying on a liquor business. But this, as we view the evidence, would have been pure speculation.

To be guilty of the charge of possession, plaintiff in error must have had such dominion and control of the liquor as would have given him the power of disposal, and the fact that he knew whisky was to be had at the place in question, or that he transported it or bought it, is not enough. He is not charged with any of those offenses.

The motion for a directed verdict should have prevailed.

Reversed and remanded for a new trial to be had consistent with this opinion.

Reversed.