## UNITED STATES v. HODOROWICZ.
## SAME v. DOWIAT.
### Nos. 6909, 6911.

Circuit Court of Appeals, Seventh Circuit.

June 13, 1939.

Rehearing Denied July 11, 1939.

Joseph A. Struett, of Chicago, Ill., for appellants.

William J. Campbell, U. S. Atty., Martin Ward, Asst. U. S. Atty., and Elbert H.

Loyd and Joseph H. Collier, Attys., U. S. Treasury Department, all of Chicago, Ill., for appellee.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The defendants were found guilty by a verdict of a jury under an indictment charging them with unlawful possession of distilled spirits, the containers of which did not have revenue stamps affixed thereto. The offense charged was violation of Sec. 201 of the Liquor Taxing Act of 1934, which is Sec. 1152a, Title 26 U.S.C.A. The defendants were each sentenced to imprisonment in jail for nine months.

Assignments of error allege that their motions for instructed verdicts were erroneously overruled; that there is no substantial evidence in the record that the defendants, and each of them, possessed distilled spirits, the immediate containers of which did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein, and evidencing payment of revenue taxes as required by law; that the court erred in overruling motions for a new trial and in sentencing the defendants.

There was evidence that on December 20, 1937 a government investigator for the alcohol unit, Bureau of Internal Revenue, had a conversation with one Peter Hodorowicz on a certain street in the city of Chicago, Illinois, at which he informed him that he desired five cans of alcohol and was told to return the next day, which he did and spoke to Frank Hodorowicz at a hardware store at 11823 South Michigan Avenue at which Frank Hodorowicz said: "Everything is O. K. How is it with you —are you buying or selling?" To which the agent replied, "I would like to take seven cans of grain back with me and I'll wait for Peter Hodorowicz," and Frank said, "Peter won't be here today but the boys will fix you up." Ten minutes later Clem Dowiat and Mike Hodorowicz entered the room and Mike Hodorowicz approached the agent and asked how many he wanted and when told, requested the agent's automobile key, which Mike Hodorowicz gave to Clem Dowiat. Dowiat left the store, entered the agent's car and drove away. The agent paid Mike Hodorowicz $77 and thereupon Mike Hodorowicz and the agent entered another automobile and drove to 111th and Homan Avenue, where they were met by the agent's car driven by Clem Dowiat. It contained 7 five-gallon cans of distilled spirits without stamps denoting the quantity of the liquor or evidencing the payment of internal revenue taxes.

Clem Dowiat testified that he met the agent in a tavern; the agent inquired as to where he could obtain alcohol and Clem Dowiat replied that he did not think he could get any, but that he could try; that he got in touch with a fellow named Mike Mussolini and a few days later he met the agent and told him he could get the alcohol; that Dowiat then took the agent's car and obtained the alcohol; that he never met the agent in the hardware store and did not speak to him in the presence of Mike Hodorowicz.

Mike Hodorowicz testified that he is in the real estate business and has no connection with the Hodorowicz brothers' hardware store; that he saw the agent a few times in the month of December 1937; that he never had a conversation with the agent relative to alcohol and never rode with the agent in an automobile nor did the agent pay him any money.

Defendants have not filed a brief in the instant case, but, upon oral argument in cases Nos. 6910, 6912 and 6915 entitled United States v. Peter Hodorowicz et al., 7 Cir., 105 F.2d 218, counsel for defendants referred us to his brief in those cases and stated that the sole question in the instant case is whether the evidence is sufficient to support the conviction of the defendants for the possession of the contraband liquor. It will not be necessary, therefore, to enter into a separate discussion of the law applicable to the instant case.

For the reasons stated in the opinion in cases Nos. 6910, 6912 and 6915, this day rendered, and on authority thereof, the judgments appealed from are affirmed.