## MILLS v. UNITED STATES.
### No. 6366.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1952.

Decided Jan. 25, 1952.

I. C. Crawford, Asheville, N. C. (Lawrence C. Stoker, Asheville, N. C., on the brief), for appellant.

Francis H. Fairley, Asst. U. S. Atty., Charlotte, N. C. (Thomas A. Uzzell, Jr., U. S. Atty., Asheville, N. C., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal in a criminal case, in which appellant was convicted of removing and concealing distilled spirits in violation of 26 U.S.C. §§ 2913 and 3321. The only question raised by the appeal is the sufficiency of the evidence to take the case to the jury. Seven gallons of whiskey upon which the tax had not been paid was found at a filling station which appellant had leased and had admittedly operated for a considerable period. His contention is that at the time the whiskey was found and for some months prior thereto this place of business, which was just across the road from his home, was being operated by a youth named Simpson to whom he had subleased it; but there is evidence that appellant was seen working around the filling station at various times before and after the finding of the whiskey, that paid bills for gasoline and merchandise were found on the premises made out in appellant's name and dated about the time that the whiskey was found and that the telephone of the station was listed in appellant's name. While Simpson testified that the whiskey was his and that he had subleased the station from appellant, the jury may well have believed that he was not telling the truth but was merely attempting to take upon himself full responsibility for the crime and shield appellant who was prosecuted along with him. Appellant did not take the stand to explain circumstances which pointed to his connection with the operation of the station. The evidence was not strong, but we cannot say it was not sufficient to take the case to the jury, in the light of the well settled rule that, on motion for directed verdict, it must be considered in the light most favorable to the prosecution.

Affirmed.