**Julia Mae THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15675.**

United States Court of Appeals Ninth Circuit.

Feb. 5, 1958.

Minsky & Garber, Bernard W. Minsky, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Peter J. Hughes, Lloyd F. Dunn, David B. Schefrin, Los Angeles, Cal., for appellee.

Before STEPHENS, Chief Judge, and BONE and BARNES, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a judgment upon conviction following trial by jury for the knowing and unlawful sale of a quantity of heroin in violation of Title 21 U.S.C.A. § 174, wherein appellant was fined in the amount of $5,000 and sentenced to imprisonment for a period of twenty years. Two errors at trial are relied on for reversal. No issue is raised by appellant as to the sufficiency of the evidence.

The first error urged by appellant is that the trial court erred in failing to grant an early adjournment for the day when requested by appellant's counsel on the grounds of his ill health. It is appellant's contention that this failure on the part of the trial court denied her effective assistance of counsel in violation of Amendment 6 of the United States Constitution. (The pertinent colloquies betwen court and counsel are set out in the margin.[1]) We find no merit in this contention.

---

1. Shortly after resumption of trial following noon recess:

"Mr. Schutz: My inquiry was not to the case in particular, but I am not aware of your Honor's wishes regarding adjournment, but I will state to the court.

The case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 465, 86 L.Ed. 680, upon which appellant principally relies, bases its holding as to "Assistance of Counsel" upon a showing that *some* prejudice resulted to the defendant by the appointment of one of his attorneys to represent one of his codefendants. It is from this basis that the Supreme Court in the Glasser case held that it was unnecessary for the defendant to show *exactly* wherein he was prejudiced and that any interference with the defendant's right to effective assistance of counsel was sufficient to constitute a denial of effective assistance of counsel.

There is no such showing in the case at bar. Examination of the record shows a careful and spirited defense overwhelmed by a great quantity of evidence tending to show the guilt of appellant. The defense in no way indicates that appellant's attorney was laboring under such an illness as to substantially impair his effectiveness. It has been held that without some showing in the record that the illness of counsel was of such a nature as to have affected the defense presented it will not be held to be a denial of assistance of counsel. Hagan v. United States, 10 Cir., 9 F.2d 562. We agree.

Appellant's second claim of error is that the trial court erred in refusing to grant appellant's motion for an early adjournment on the ground that more time was needed for counsel to prepare its defense. We do not agree. Though at one point, appellant's counsel did request such an adjournment, it will be noted from the colloquy set out in the margin that he indicated that 15 minutes would be adequate and the court did in fact grant such a 15-minute recess in response to the request of appellant's attorney.[2]

What we have noted characterizes appellant's case in its entirety. Though on various occasions, appellant's counsel indicated that he desired an adjournment until the following day, he always indicated that a shorter recess would be entirely adequate for his purposes. In each case the shorter recess was granted.

The judgment of the lower court should be and is affirmed.

that I am not feeling as well as I might and if we could adjourn at any reasonably early hour I might be able to continue. I don't mean earlier than customary but I should like to get away so I can help myself a little bit. I am feeling very poorly and I will work through as long as your Honor directs me to.

"The Court: Let me see how we get along.

"Mr. Schutz: I will do my best to get along. * * *"

After the prosecution rested its case:

"Mr. Schutz: * * * I am now about to appeal to the court's indulgence. The Government has now rested and I planned to call one or perhaps two witnesses.

"The Court: I want to hear them this afternoon, Mr. Schutz.

"Mr. Schutz: I am really feeling quite badly and I had hoped I wouldn't have to go on.

"The Court: I don't always feel good myself, but I have a calendar to keep and we will proceed this afternoon.

"Mr. Schutz: May I take a three or four-minute recess at this time, your Honor?

"The Court: Do you wish to have the jury excused?

"Mr. Schutz: Not over five minutes. I will repair to the restroom and see if I can relieve myself.

"The Court: You will be excused for another five-minute recess, * * *"

2. "The Court: Do you want more time?

"Mr. Schutz: I think a reasonable time should be afforded me.

"The Court: 15 or 20 minutes?

"Mr. Schutz: I would appreciate it, your Honor.

"The Court: The only hesitation I have is that some of these jurors are pretty old to be walking up and down these stairs all the time.

"Mr. Schutz: And counsel isn't getting any younger either.

"The Court: How much time will you need?

"Mr. Schutz: It is now 10 minutes after 4:00. I should think about 25 minutes after 4:00 I will have come to a decision.

"The Court: Is that agreeable to you?

"Mr. Duncan: That is agreeable, your Honor.

"The Court: Very well."