Boston **DICKS** and Alfred **COPELAND**,
Appellants,

v.

**UNITED STATES** of America,
Appellee.

**No. 16611.**

United States Court of Appeals
Fifth Circuit.

April 9, 1958.

Rehearing Denied May 16, 1958.

A. K. Black, J. B. Hodges, Lake City, Fla., for appellants.

Harrold Carswell, U. S. Atty., Jos. P. Manners, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Charged in count one with the unlawful possession of 175 gallons of alleged non-tax-paid whiskey and in count two with the unlawful concealment of the same whiskey, defendant Copeland was found guilty on count one, while defendant Dicks was found guilty on counts one and two of the indictment.

Appealing from his conviction, each of the defendants is here insisting that a verdict of acquittal should have been and should now be directed as to him for want of evidence and, in the alternative, that because of errors in the trial, the cause should be reversed and remanded for trial anew.

█ For the reasons to be briefly stated, we agree as to Copeland's appeal that, because of the denial of his motion for a judgment of acquittal, the conviction must be reversed and the cause remanded with directions to acquit him.

While the appellants have filed a joint brief assigning the same specifications, the factual situation as to each is entirely different. Dicks, in whose actual possession the automobile containing the alleged non-tax-paid whiskey was found and who alone had any actual possession or control of it, was charged and prosecuted as the principal defendant. Copeland, who under the evidence had no connection whatever with the alleged whiskey or the automobile and who lived some distance from the scene of the arrest, was joined in the indictment on the theory alone that he had rented the barn at or near which Dicks was arrested and the automobile was seized, to an uniden-tified white man with knowledge that the renter intended to put whiskey in it, and was, therefore, an accessory.

Whithout undertaking to consider or discuss the troublesome question as to the nature and quantum of proof necessary to convict the person as an accessory who rents premises to another, knowing that the renter intends to use them for unlawful purposes,[1] it is sufficient to say that the evidence does not sustain the theory. In the first place, the alleged non-tax-paid whiskey involved in this case was not found in the barn which one of the agents testified that Copeland had stated he had rented, not to Dicks, but to some unidentified white man. In the second place, in the same statement, he denied any connection with or knowledge of Dicks or the alleged whiskey on which this prosecution is based, and there is no evidence whatever to support a verdict that he knew anything about it or was in any way connected with it.

As to Dicks, the real defendant in the case, the matter stands quite differently. There was ample evidence that, if what was alleged to be non-tax-paid whiskey was in fact such, he was guilty of its possession and concealment.

Dicks does not deny the possession of the automobile and its contents. He attacks the conviction upon entirely different grounds. These are, in addition to his Specification No. 3, (1) that the indictment was insufficient; (2) that he was subjected to an unreasonable search, seizure and arrest; (3) that the refusal of his request to the judge, to compel persons, whom he wished to use as witnesses on his claim of illegal search, seizure and arrest, to talk to him before he called them as such, was a denial of due process; and (4) that the court's charge to the jury with respect to punishment was erroneous as invading the province of the jury and inviting a conviction by holding out to it that if it convicted, the sentence would be mild,

1. Cf. Cardinal v. United States, 8 Cir., 50 F.2d 166, where the subject is quite thoroughly discussed; Tony v. United States, 62 App.D.C. 307, 67 F.2d 573; Barfield v. United States, 5 Cir., 229 F. 2d 936.

Krull v. United States, 5 Cir., 240 F.2d 122, at page 136.

In recent decisions,[2] this court has discussed and applied the decisions governing the determination of whether a search and seizure and an arrest are reasonable or unreasonable, lawful or unlawful, and has made it clear that the determination of such questions is primarily for the district judge, basing his determination upon whether the officer had reasonable grounds for the belief on which he acted that an offense had been or was being committed, that some property or thing was being unlawfully secreted. Without setting the evidence in this case out in detail, it is sufficient to say: that it overwhelmingly supports the conclusion of the district judge, that the search of the automobile and the arrest of Dicks were not unreasonable but reasonable; and that there was no error in denying defendant's request to the court to compel named witnesses to talk with appellant's counsel before he put them on the stand. Neither, while the charge is not to be commended, is there any basis for the claim that its giving represented substantial error. Cf. Sloan v. United States, 8 Cir., 279 F. 562 and Calcara v. United States, 8 Cir., 53 F.2d 767.

There remains for consideration Specification No. 3, which, on the claimed authority of Watson v. United States, 5 Cir., 224 F.2d 910, assigns error in admitting, over defendant's objection, that it was secondary and not the best evidence, oral testimony as to the alleged illicit whiskey and unstamped containers.

Conceding that in the generality of its statement the opinion in the Watson case is subject to the construction that it was intended to apply the best evidence rule

to an attempt, without accounting for their non-production, to prove that there were no revenue stamps on the containers and that their contents were liquors or distilled spirits, we are not disposed to apply it here.[3]

In addition, we think that the way and manner in which the case was tried, with the emphasis on the illegality of the search and seizure, and the recognition by all that illicit liquor was involved, renders completely harmless the error, if there was any, in admitting the testimony.

The judgment is affirmed as to Dicks. As to Copeland, it is reversed with directions to acquit him.

---

2. Clay v. United States, 5 Cir., 246 F. 2d 298; and Townsend v. United States, 5 Cir., 253 F.2d 461. Cf. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

3. In McCormick on Evidence, Sec. 195 at page 409, it is said: "While some modern opinions still refer to the 'best evidence' notion as if it were today a general governing legal principle, most would

adopt the view of modern textwriters that there is no such general rule. The only actual rule that the 'best evidence' phrase denotes today is the rule requiring the production of the original writing." Cf. 20 Am.Jur., "Evidence", Sec. 438; 4 Wigmore, 3rd ed., Sec. 1178; 22 C.J.S. Criminal Law § 692; Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800, at page 813, 11 A.L.R.2d 1.