Halsted Richard MANUCY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17659.

United States Court of Appeals Fifth Circuit.

Dec. 1, 1959.

---

1. Section 23(b), 26 U.S.C.A. § 23(b).

202

James L. Elston, Thomas A. Larkin, Jacksonville, Fla., Larkin, Lewis & Decker, Jacksonville, Fla., for appellant.

John L. Briggs, Asst. U. S. Atty., E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Southern District of Florida, John E. Palmer, Asst. U. S. Atty., Southern District of Florida, Jacksonville, Fla., for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal from conviction on a four-count illegal whiskey indictment raises only the question of the legality of a search of the appellant's automobile and his person and whether there was sufficient evidence to sustain the conviction. The legality of the search depends upon whether there was a legal arrest of Manucy.

The events leading up to the arrest were not in dispute. On or about February 15, 1956, federal agents discovered an illicit distillery located approximately three and one-half miles north of St. Augustine, Florida, and one-half mile west of U. S. Highway No. 1. The agents observed a 1950 two-door Chevrolet automobile with a missing tag light enter the premises near the location of the still and depart immediately. No further observations were made on this night.

The agents then left and returned on the night of February 16, 1956. At approximately 7:30 P.M. on the night of February 16, 1956, a 1950 Chevrolet two-door automobile with a missing tag light, which they identified as the same one they had seen there the previous night, was observed leaving the premises near the location of the still. Shortly thereafter a 1948 Mercury Coupe and a 1951 Chevrolet four-door sedan were observed entering the premises near the location of the still and departing immediately thereafter. After observing the activities around the still from a distance of about 75 yards for approximately one hour the agents decided to make their raid. Agents McConnell and Tomberlin proceeded up a dirt road and crossed into an open gate of a fence line with the intention of catching the men as they walked up from the distillery. However, before they arrived at the still a 1950 Chevrolet two-door automobile with a missing tag light, again identified as the same one twice previously seen there, was observed entering the premises and parking in a farm yard near the area where the still was located. The agents concealed themselves in the shrubbery. The occupants got out of the car and approached the gate. When they arrived at the gate they immediately broke and ran back to the automobile upon observing the agents. They were caught by Agents McConnell and Tomberlin and one of the occupants was then identified as the defendant Manucy. The other occupant of the car was then identified as one Sylvia Stewart. McConnell was known to appellant and he told appellant he was under arrest and warned him as

to anything he might say. They were then taken to a 1940 Ford which was parked on the premises and handcuffed to the bumper, while the officers proceeded with their raid. They were warned at that time not to make any outcry that would alert anyone at the still. At the time they were handcuffed to the bumper of the 1940 Ford they were questioned as to their identity by Agents McConnell and Tomberlin. The agents then proceeded to the site of the still and arrested two men, identified as Eugene Burroughs and Joseph Schugart, who were in the process of operating the still. After the still had been closed down by the agents Burroughs and Schugart were advised of their rights and returned to the automobile to which the defendant had been handcuffed.

After Manucy's arrest and after the raid, McConnell questioned him, but the only incriminating comment Manucy made was: "I'm pretty sure I know who turned me up tonight." McConnell searched appellant's car and found some items which McConnell described as follows: "scattered loose grains of sugar. It was quite a sizable pile. You could see the whiteness in spots where it was gathered together. And there alongside of that were parts of the rye grain." In the interior of the car, under the front seat, McConnell found a half-pint whiskey bottle containing about a teaspoonful of moonshine whiskey.

The attack on the introduction of the proof of what was found in the car came by way of appellant's objecting to the reception of the evidence when it was tendered. No preliminary motion to suppress the testimony was made.

The parties agree that in the absence of any federal statute at the time of the arrest setting the standard to apply to test the legality of an arrest, the law of the place of the arrest controls. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. The federal statute governing arrests without a warrant by agents of the Alcohol & Tobacco Tax Division of the Internal Revenue Service

was not adopted until 1958. See 26 U.S. C.A. § 7608.

Both parties agree also that the statement of the Florida Supreme Court in Rogers v. State, 158 Fla. 582, 30 So.2d 625, 627, sets down the general principle applicable in Florida when an arrest is made upon probable cause without a warrant.

"We must determine the sufficiency of the knowledge of the sheriff and his deputies, not by an analysis of the effect of each known circumstance in isolation, but by a conclusion as to what a reasonable man, knowing all the facts which the sheriff knew, would have believed under all the circumstances * * ".

■ We conclude that the facts known to the officers were wholly sufficient to warrant the conclusions of the trial court that probable cause existed for the arrest. They had seen a still in full operation the preceding night; they had seen the same automobile come to and leave the premises; they had seen it leaving again the night of the arrest; and then they saw it come in just before the arrest, at a time when prior automobiles had come in and departed and other persons were actively working at the still and were seen apparently loading other cars. There was the further circumstance of flight when the officers were seen.

The constitutional principle applicable to such an arrest has been repeated too often to require restatement here. See Dicks v. United States, 5 Cir., 253 F.2d 713, and Giacona v. United States, 5 Cir., 257 F.2d 450, 456. We conclude that the trial court correctly held that the arrest and consequently the search incident to it were proper.

■ It cannot be seriously urged we think that with the evidence of Manucy's incriminatory statement and the presence of the materials and small amount of moonshine whiskey in his automobile, added to the inference the jury could draw that he had been present in the

vicinity of the still three times within twenty-four hours, there was not enough evidence to warrant submission of the case to the jury. Our case of Vick v. United States, 5 Cir., 216 F.2d 228, is no authority to the contrary.

The judgment is affirmed.