James Wesley TEATE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18832.

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1961.

O. B. Cline, Jr., Miami, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Daniel S. Pearson, Asst. U. S. Atty., Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

JONES, Circuit Judge.

This six-and-seven-eighths-gallon shine case was acquired, for some reason not disclosed and with which we are not concerned, by the United States from the Florida State Beverage Department. The appellant, James Wesley Teate, and Lucy Mae Teate were charged in a two-count indictment with possessing, removing and concealing moonshine whiskey upon which the federal tax had not been paid. On a trial to the court without a jury the appellant's wife was acquitted of both charges and the appellant was acquitted of the concealing and removing count. He was convicted of the possession of the untaxed liquor and given a one-year sentence. He has appealed.

During the evening of October 9, 1959, state agents, with a search warrant, went to the premises occupied by the appellant, his wife, and their children, and there found, in a back bedroom, two heavy cardboard beer cartons, one on top of the other. In one of these cartons was a five-gallon can containing moonshine whiskey. The other carton contained eleven pints and eight half pints of un-

taxed whiskey. The room where this contraband was found was sometimes used by the appellant's mother but it was not then being occupied. These facts made out the case for the Government. Both the appellant and his wife disclaimed any ownership of the liquor and denied knowing of its presence in their dwelling. The appellant professed to be without knowledge of the manner in which the whiskey found its way into the house. The eleven-year-old son of the appellant testified as an unsworn witness that on the morning of the day when his parents were arrested, between the departure of his parents for work and the time for his brother, his sister and himself to go to school, a man came and told him that his father said it would be all right for him to leave a package. The boy quoted himself as saying "Yes," and recited that the man "carried it into my grandmother's room." The boy stated that he had never seen the man before or since. The boy said he did not say anything to his parents about the box being there. The appellant urges that the evidence was insufficient to permit a finding of guilt.

In considering whether there is sufficient evidence to sustain a conviction, the evidence will be viewed in the light most favorable to the Government. Chastain v. United States, 5 Cir., 1956, 237 F.2d 422. It is necessary, to sustain a conviction of possession of untaxed liquor, that there be evidence showing dominion and control over the liquor. Handford v. United States, 5 Cir., 1957, 249 F.2d 295; Chastain v. United States, supra; Lovette v. United States, 5 Cir., 1956, 230 F.2d 263; McClain v. United States, 5 Cir., 1955, 224 F.2d 522; Mills v. United States, 4 Cir., 1952, 194 F.2d 184; United States v. Woods, 7 Cir., 1948, 168 F.2d 255; United States v. Hodorowicz, 7 Cir., 1939, 105 F.2d 218; Toney v. United States, 1933, 62 App.D.C. 307, 67 F.2d 573. The unexplained presence of the liquor in the dwelling of the appellant is enough to show the dominion and control which the law requires. The testimony of the appellant's son is not inconsistent with the finding of the appellant's guilt. The statement, if made, of the person said to have delivered the whiskey that the appellant said it would be all right to leave a package does not demonstrate any lack of knowledge of the appellant of the presence of the liquor. And it may be noted that the boy's testimony related to "a package" and that the man "carried it" to the room of appellant's mother. There were two cartons containing liquor and the efforts of appellant at disclaiming knowledge of the presence of the liquor went only to one of them. There was no deficiency of evidence of guilt.

The appellant took the stand as a witness on his own behalf. He was examined on direct, on cross, and on redirect. Government counsel, saying he had one further question, took five questions to elicit the information that appellant had been convicted of a felony. When the prosecutor had finished, the judge asked the appellant what he had been convicted of, and the answer given was lewdness. The appellant was recalled to testify that he had never authorized anyone to put any moonshine into his house. He was cross-examined briefly by Government counsel. The court resumed its questioning as to the prior conviction. Before us the contention is made that the receipt of the evidence relating to the offense for which the appellant had been previously convicted was improper and prejudicial. We are unable to see where this question is preserved for our review since there was no objection made at the time the testimony was taken and no motion made for a new trial. If the evidence of which the appellant complains had been adduced in a trial before a jury and the question had been preserved for review, it seems probable that the appellant would be entitled to a reversal. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077; Helton v. United States, 5 Cir., 1955, 221 F.2d 338.

Aside from the question of preserving the question of error for appellate consideration, it seems well settled that in a case tried without a jury the

introduction of incompetent evidence does not require a reversal in the absence of a showing of prejudice. It is presumed that in reaching a decision the trial judge has rejected improper evidence. This rule is particularly applicable where the evidence of guilt is strong and convincing, as in the case here. See Pasadena Research Laboratories v. United States, 9 Cir., 1948, 169 F.2d 375, cert. den. 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401; Fotie v. United States, 8 Cir., 1943, 137 F.2d 831; Daniel v. United States, 8 Cir., 1942, 127 F.2d 1; Tremont v. United States, 8 Cir., 1933, 65 F.2d 949.

No prejudicial error appearing, the judgment of the district court is

Affirmed.