Kenneth Eugene **DANGBAR**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20201.**

United States Court of Appeals
Fifth Circuit.

May 24, 1963.

William Budslow POTTER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17275.

United States Court of Appeals
Eighth Circuit.

May 31, 1963.

John Patrick Keegan, New Orleans, La., for appellant.

Peter E. Duffy, Asst. U. S. Atty., Louis ·C. LaCour, U. S. Atty., Walter F. Gemeinhardt, First Asst. U. S. Atty., for appellee.

Before CAMERON and BROWN, Circuit Judges and WHITEHURST, District Judge.

PER CURIAM.

Appellant was convicted of the violation of 15 U.S.C.A. § 902(e),[1] interstate transportation of a firearm. A motion to suppress the evidence (the firearm) on the ground that it was illegally obtained was timely made and this appeal is from the judgment of conviction. The only point raised on appeal is the denial of the motion to suppress.

A careful survey of the record leads us to the conclusion that the court below was not in error in holding that there was probable cause for appellant's arrest under the Louisiana vagrancy statutes[2] and that the search which followed was not unreasonable under the circumstances. Dicks v. United States, 5 Cir., 1958, 253 F.2d 713.

Affirmed.

William Budslow Potter, pro se.

F. Russell Millin, U. S. Atty., and William A. Kitchen, Asst. U. S. Atty., Kan-

1. "(e) It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition."

2. 14 LSA–R.S. § 107. "Vagrancy
"The following persons are and shall be guilty of vagrancy: * * *

"(5) Able-bodied persons without visible lawful means of support who do not seek employment; or * * *

"(7) Persons * * * who loiter around any public places of assembly without visible or lawful business; or

"(8) Persons who are found in or near any structure, movable, vessel, or private grounds, without being able to account for their presence therein; * * *."