Azell Jackson HODGES, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 22682.

United States Court of Appeals Fifth Circuit.

July 18, 1966.

Richard T. Jones, Gainesville, Fla., for appellant.

C. W. Eggart, Jr., Murray M. Wadsworth, Asst. U. S. Attys., Pensacola, Fla., Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM.

The appellant, Azell Jackson Hodges, Jr., was convicted by a jury April 7, 1965 for possession, removal, and concealment of distilled spirits in violation of the Internal Revenue Code, 26 U.S.C. §§ 5205(a) (2), 5604(a) (4), and 5601 (a) (12). In this appeal, he questions (1) the sufficiency of the evidence to support his conviction; and (2) the completeness of the court's instructions to the jury on the requirements of possession."

We find that the evidence as a whole is sufficient to support both counts of the conviction. The evidence of dominion and control satisfies this Court's standard for possession of unstamped liquor. See Handford v. United States, 5 Cir. 1957, 249 F.2d 295. The circumstantial evidence of removal and concealment was sufficient for the jury to exclude every reasonable hypothesis except that of guilt. See Clark v. United States, 5 Cir. 1961, 293 F.2d 445, 448.

The appellant argues that the instructions on "possession" were defective in that the judge did not draw a specific distinction between dominion and control of the liquor and mere presence at

the stash. We have often observed that specific mention of this distinction is desirable in section 5205(a) (2) possession charges. See, e. g., Handford v. United States, supra 247 F.2d at 297. The appellant requested instructions that expressly noted the distinction. Nonetheless, we find that the instructions given "substantially covered" the requirements of possession in language that would prevent the jury's mistaking "mere presence at the scene" for dominion and control of the liquor. See Pine v. United States, 5 Cir. 1943, 135 F.2d 353, 355, cert. denied, 320 U.S. 740, 65 S.Ct. 40, 88 L.Ed. 439; cf. Teate v. United States, 5 Cir. 1961, 297 F.2d 120.

The judgment must be affirmed.