Joseph TOMLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16320.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1957.

Rehearing Denied Jan. 30, 1958.

Wallace Miller, Jr., Macon, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

BORAH, Circuit Judge.

The appellant, Joseph Tomley, and one Andrew Jackson Wright were indicted for conspiracy to violate 18 U.S.C. § 641 and both of them were also charged with various substantive offenses including violations of the same law. Wright pleaded guilty to all counts against him. Appellant went to trial before a jury and was found guilty only of conspiracy as charged in Count One of the indictment and was sentenced thereon to imprisonment for a term of three years.

Appellant's appeal is based upon (1) certain portions of the judge's charge to the jury; (2) the court's refusal to give in charge to the jury defendant's eight requested instructions; and (3) the insufficiency of the evidence to support the jury verdict.

Appellant's first and third specifications of error which have to do respectively with the court's charge in relation to character evidence and to the illustrations used by the court in defining the offense of conspiracy are patently without substance. Criminal Procedure Rule 30, 18 U.S.C.,[1] providing that no party may assign as error the giving of or failure to give an instruction unless he objects thereto, stating distinctly the matter to which he objects and the grounds of his objection, has the force of law. Under that rule, in order to put the trial court in error, it is necessary that

1. Rule 30, Federal Rules of Criminal Procedure. "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis added.)

the defendant precisely state the grounds of his objection and that the grounds stated point out an error prejudicial to the defendant. Estep v. United States, 5 Cir., 223 F.2d 19, 22. The defendant did not do this here, and consequently, we are not required to consider specifications one and three. While it is true that in extraordinary circumstances we may, on our own motion, notice errors to which no exception has been taken,[2] if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings, a careful examination of the record convinces us that no such case is presented here.

■ With respect to the second specification of error, appellant contends that the District Judge erred in instructing the jury as follows:

"I charge you in this connection that he is an alleged accomplice, and that you should in considering the testimony of an alleged accomplice, his testimony should be scanned with great care and received with great caution, and I charge you that the jury should consider all of the facts and circumstances in the case and if by reason of the fact that he is an accomplice you would not be willing to accept any part of his testimony, then you would be authorized to disregard it. On the other hand if you think under all of the facts and circumstances of this particular case that what the alleged accomplice testified to was true, then you would be authorized to act on his evidence and to convict on it."

With reference to this same subject matter error is also assigned to the court's failure to charge five written requests with respect to the testimony of an accomplice including the patently erroneous request that "a jury should not place too much reliance on the testimony of an accomplice, unless the jury finds that the testimony of an accomplice has been corroborated by other evidence, separate and independent of the evidence given by the accomplice." See Burton v. United States, 5 Cir., 175 F.2d 960, 961; certiorari denied 338 U.S. 909, 70 S.Ct. 347, 94 L.Ed. 560.

■ It appears that at the close of the testimony the defendant presented a number of written instructions, and asked the court to give them to the jury. At the conclusion of the court's charge counsel for the defendant made the following statement: "Your Honor, the only exception and request that we would have would be that our written requests that have already been submitted, which Your Honor has considered, I feel confident that it would be needless for me to pick them up and read those that the Court has not charged." Nothing however by way of objection was made to the court's charge, which on the subject of accomplice testimony was lacking in any statement equivalent to that in the rejected instructions. In his objection, counsel for defendant merely restated his requests, but did not even attempt to give the *grounds* for his complaint that the court below had failed to give the instructions that he had requested. Hence, there was a failure to comply with Rule 30 of the Federal Rules of Criminal Procedure which in part provides that: "No party may assign as error any *portion* of the charge or *omission* therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects *and the grounds of his objection.*"[3] This being so, and there being no prejudicial error[4] in the court's failure to give the requested charges, appellant may not now complain of their refusal.

2. Rule 52(b) provides that "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Cf. Lash v. United States, 1 Cir., 221 F.2d 237, and Horne v. United States, 5 Cir., 246 F.2d 83, 86.

3. Emphasis supplied throughout.

4. See Rule 52(b), Federal Rules of Criminal Procedure, note 2, supra.

Similarly, and for the same reasons appellant is in no position to complain of the court's refusal to give requested instructions No. 4(f), (g), and (h). However, we have considered these specifications of error and find no merit in them.

In No. 4(f) the instruction requested was as follows:

"I charge you that any arrangement that you find the defendant might have had with Mr. A. J. Wright whereby Mr. Wright was to inform the defendant when certain items of merchandise were to be moved or placed for sale by Warner Robins Air Material Area, Surplus Department, could not be considered by you in this case as unlawful, and you would not be authorized to convict the defendant of any such arrangement; any such arrangement would not violate any criminal law that might be involved in this case."

Appellant contends that the failure of the court to charge this request "illegally permitted the jury, under the general charge of the court as to an agreement under a conspiracy charge, to conclude that this simple arrangement that appellant admitted he had with Wright constituted an 'agreement' which would satisfy the agreement requirements of the conspiracy count." We think that appellant's contention is more fanciful than real and that no prejudice resulted from the failure to give this charge for the reason that the court's charge when considered as a whole was eminently fair and fully protected the rights of appellant. As to the conspiracy count the court instructed the jury in part as follows:

"Now, this indictment, which, as I said, you can read throughout if you want to, charges in substance that these two defendants Wright and Tomley, conspired among themselves and with other persons to the Grand Jurors unknown, and therefore unnamed, to do certain things, namely to steal, purloin and knowingly convert to their own use, and without

authority to sell, convey and dispose of property of the United States, to wit: Scintilla breaker assemblies having platinum points thereon, American-Bosch breaker point springs having platinum points, motor gun chargers, sometimes described as motor timer guns, and aircraft spark plugs having platinum points, having a value of at least $6,800.00; and to receive, conceal, and retain such property with intent to convert it to their own use and gain, knowing that said property had been and would be so stolen, purloined and converted."

In this connection the jury was instructed that they should first determine "whether or not there was an agreement among or between two or more persons, and whether or not the defendant Joseph Tomley was a party to that agreement *as alleged in the indictment.* If there was no such understanding then you would just find a verdict of not guilty on Count One." And if more need be said to demonstrate the fallacy and unreasonableness of appellant's contention we shall be content to close the discussion on this branch of the case by quoting the following additional paragraph from the court's charge:

"When I use the word 'agreement' I mean an agreement to violate the law as set out in this indictment. Of course there are a great many laws and a great many crimes under the various statutes and the conspiracy statute applies to an agreement to violate any criminal law of the United States no matter what it is. But this indictment says that these defendants agreed or had an understanding among themselves that they would violate the laws of the United States in certain respects set out here in the indictment. *I charge you, therefore, that the agreement or understanding must be an agreement to violate the law in the respect set out in this indictment itself,* that is in Count One, and in the long or first or charging part of Count One."

■ In No. 4(g) the charge requested was: "I charge you that before you would be authorized to find the defendant guilty of any count in the indictment you must be satisfied to a moral and reasonable certainty, and beyond a reasonable doubt, that the defendant committed the acts charged against him, and intended by such acts to defraud the United States of America." This request might properly have been given, but the court was not obliged to accept the language suggested by counsel in framing its instructions to the jury. And appellant cannot justifiably complain where as here the request in substance was given in charge. The court (1) fully instructed the jury as to the essential elements of the crime of conspiracy which must be proved and established in order to warrant a conviction; (2) charged the jury "that in all of the counts involved in the indictment, one, two, and three, a necessary element of each offense charged in the counts is criminal intent on the part of the defendant to defraud the United States of America," (3) instructed the jury that in a criminal case it is the duty and burden of the government to prove the charge that it brings against a defendant beyond a reasonable doubt; and (4) defined accurately and in some detail the term "reasonable doubt."

■ In No. 4(h) appellant claims that the court committed reversible error in failing to charge the following requested charge:

"I charge you that every knowing conversion of property is not stealing, and that there might be a knowing conversion of property without intent to defraud. A knowing conversion without intent to defraud is not a crime. Conversion of property may include misuse or abuse of property.

"In this connection, I charge you that if you find the defendant came into possession of the property involved knowing he was unauthorized to have possession of the property, but so came into possession of the property without criminal intent to defraud the United States Government, and thereafter disposed of some of it, if he did dispose of it, without intent to defraud the United States Government, then I charge you that he committed no crime, and his conviction would not be authorized."

Appellant argues that inasmuch as the evidence shows that he bought property from Warner Robins Air Material Area at advertised sales, with knowledge, actual or implied, that certain items were being offered for sale and sold inadvertently, or through negligence or error, the court's failure to charge the requested charge deprived appellant of a substantial defense and the benefit of a correct and applicable rule of law pertinent to the case. It may well be doubted whether the request as framed was sufficient to put the court on notice of the point which appellant now for the first time makes on appeal in view of the fact that the charge was general in scope and that appellant was not charged in Counts Two and Three, on which he was acquitted, with the substantive offense of knowingly converting property of the United States to his own use, but with the substantive offenses of receiving, concealing and retaining government property in violation of 18 U.S.C. § 641. But the charge of the court covered the entire case and it was reasonably complete, fairly accurate, and sufficiently covered all of the material issues in the case. As we pointed out above, the court specifically charged that in all of the counts involved, a necessary element of each offense charged is "criminal intent on the part of the defendant to defraud the United States of America." And in the succeeding paragraph, the court instructed the jury that even if it might find that the "defendant might have come into possession of the property illegally so far as the civil law might be concerned, that is got it without getting a good title to it, this alone, if that is all you find, would not place the property in his hands whereby he would be violating any law in so receiving the property and selling it." In

any event, if the charge in any respect fell short of presenting Tomley's defense, it was not such a falling short as defendant can, in view of Rule 30 and Rule 52 (a), Harmless Error and Plain Error, Federal Rules of Criminal Procedure, 18 U.S.C., here complain of it. Isgate v. United States, 5 Cir., 174 F.2d 437, 438.

█ Finally, appellant claims that the verdict is not supported by substantial evidence, and is contrary to the weight of the evidence. The short answer to this contention is that the appellant as in Ansley v. United States, 5 Cir., 135 F.2d 207, 208, moved for a judgment of acquittal at the close of the Government's case, but thereafter introduced evidence in his own behalf and failed to renew his motion at the close of all the evidence. "The failure to renew operated to waive the benefit of the motion made, and the question of the sufficiency of the evidence was not properly saved for review by this court."

We have considered all other contentions of counsel and find them wholly without merit. The judgment appealed from is therefore affirmed.

Affirmed.