**328**

—————◆—————

Virgil H. Shepard, Macon, Ga., for appellant.

W. Howard Fowler, Floyd M. Buford, Asst. U. S. Attys., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

**Howard MEEKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16961.**

United States Court of Appeals Fifth Circuit.

Sept. 22, 1958.

Rehearing Denied Nov. 21, 1958.

WISDOM, Circuit Judge.

Appellant, Howard Meeks, was indicted and found guilty of the offense of receiving a stolen motor vehicle moving in interstate commerce, knowing it to have been stolen. 18 U.S.C.A. § 2313. He appeals on the ground that the evidence was insufficient to sustain the verdict.

After the government rested, appellant moved for a judgment of acquittal. The court denied the motion. Thereafter appellant introduced evidence in his behalf but did not renew his motion for acquittal at the close of all the evidence, as required under Criminal Rule 29, 18 U.S.C.A. Appellant's failure to renew his motion operates to waive the benefit of the motion. Ansley v. United States, 5 Cir., 1943, 135 F.2d 207; Moomaw v. United States, 5 Cir., 1955, 220 F.2d 589. We may, however, review the sufficiency of the evidence to prevent a manifest miscarriage of justice. Thomas v. United States, 5 Cir., 1951, 189 F.2d 430; Demos v. United States, 5 Cir., 1953, 205 F.2d 596.

Appellant's only contention is that he did not know that the car was stolen. The question before us, therefore, is whether the evidence of Meeks' guilty knowledge was so insufficient that it was manifest error for the trial judge to permit the case to go to the jury.

November 8, 1955 Ronald R. Hickox of Tallahassee, Florida purchased a 1952 Chevrolet automobile for $995, plus his Dodge taken as a trade. The price, without the Dodge, was $1395 or $1495. The Chevrolet was in excellent condition, "a completely new automobile, except it was a 1952 model". The next day, November 9, the car was stolen.

November 11 Meeks purchased the stolen car from James Pascall Gwen. In January, 1956, Beverstein, an FBI agent, interviewed Meeks in the course of an investigation of Gwen. Meeks stated that the only automobile he knew about that Gwen sold was a 1955 Mercury. In March, 1957 Beverstein interviewed Meeks again in regard to Gwen. On this occasion Meeks said that he purchased the Chevrolet in question from Gwen for $300. At that time he knew the seller only as "Jimmy", a car dealer from Ohio. Meeks then showed the agent a bill of sale for the car (identified by the motor number) executed in Thomaston, Georgia, November 11, 1955. The bill of sale was for a 1951 Chevrolet and shows that the transfer was from Lamar Sanders to Meeks. Meeks told the agent that he kept the car a week, then traded it in on an Oldsmobile. November 11, 1955, the date of the purchase of the stolen Chevrolet, Meeks bought an Oldsmobile from Duke Motor Co. of Fort Valley, Georgia for $3550, less $1250 allowed as a trade on the 1952 Chevrolet. Six weeks later Duke Motor Co. sold the Chevrolet for $750. March 15, 1957 FBI agents located the Chevrolet and found that the motor number had been changed but not the serial number.

Meeks protests that he is completely innocent. He had never seen "Jimmy" before. Mr. Pippins, who has a little store nearby, asked Meeks if he would be interested in buying a car. The transaction took place in broad daylight. There was nothing to make him think that the seller was a thief or that the car was stolen. The car was in bad condition, the tires were slick, the exhaust pipe was defective, and the oil was low. He traded Jimmy down from $400 to $300. Meeks attempted no concealment. He discussed the transaction freely with Bernstein and exhibited the title papers.

We cannot say that the record is so devoid of evidence pointing to guilt that it would be a manifest miscarriage of justice not to set aside the verdict.[1]

Judgment is

Affirmed.

1. The trial judge gave clear and fair instructions, including the charge: "Mere inadequacy of price alone is not sufficient to establish knowledge that the car was stolen, but it is one circumstance which may be considered along with other circumstances in determining whether the defendant knew the car was stolen".