Odell CLARK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18656.

United States Court of Appeals Fifth Circuit.

Aug. 16, 1961.

**446**

Roberts H. Brown, Opelika, Ala., Knox M. McMillan, Auburn, Ala., Brown & McMillan, Opelika, Ala., for appellant.

Hartwell Davis, U. S. Atty., Ira De-Ment, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

JONES, Circuit Judge.

Odell Clark appeals from a conviction for concealment of untaxed distilled spirits in violation of 26 U.S.C.A. § 5632, and for the transportation of the same commodity contrary to 26 U.S.C.A. §§ 5205(a) (2) and 5604(a). He was jointly indicted with Kyle Bennett Crowley who entered a plea of guilty.

Niles H. Graham, a federal agent, and John H. Bence, an Alabama agent, were secreted in the woods across the street from the residence of the appellant, Odell Clark in Phenix City, Alabama, on the evening of May 12, 1960. About 7:40 o'clock they saw a vehicle drive into Clark's yard. An unidentified man got out of the car, opened and looked in the trunk of the car, went in the Clark house, came out, got in the car and drove away. Prompted by these circumstances, Graham and Bence called Alabama Agent John Hicks on their portable radio trans-mitter. Hicks received the call in his car some distance away, turned around and soon encountered an automobile driven by Clark. Hicks stopped Clark, asked him to open the trunk of the car which Clark did and there Hicks saw an old, worn out, faded, golden-colored comforter, and a couple of handmade coil steel helper springs. He "just raised the comforter and looked at them [the springs] and put the comforter back down."

Back at the Clark dwelling, about 7:50 o'clock, with Graham and Bence maintaining their vigil, a second car drove into the Clark curtilage where the driver, whose identity was not discovered, removed the rear seat and back rest from the car, placed them in a parked truck, and after a lapse of time, said to be "some five, six, seven minutes," got back in the car and drove away. Crowley admitted at the trial of Clark that he was the driver of this car. Soon a third car came up, went into the yard of the Clark dwelling, tarried briefly, and was driven away. The driver was not identified. The first and third automobiles confuse the plot and add to the mystery but contribute nothing to the solution of it. Messrs. Graham and Bence left their hiding place across from the Clark property and joined Hicks. Federal Agent Graham and Alabama Agent Hicks went to the neighborhood of Halawaka Creek Bridge, about fifteen miles from Phenix City. About five o'clock on the morning of May 13th, Graham and Hicks stopped Clark as he was driving in the vicinity of the Halawaka Creek Bridge. In his car were a gasoline can, four jacks and three tires, two of which were heavy duty tires. The car was the same as Clark was driving the evening before, but there were no helper springs and no old, worn out, faded, golden-colored comforter. Clark was arrested.

At about the same time as Clark was apprehended at the Halawaka Creek Bridge, Officer Bence, Federal Agent Ward, and other Alabama agents, encountered Crowley about five or six miles from the scene of Clark's arrest. Crow-

ley was driving a car from which the rear seat and back rest had been removed. The car was loaded with 300 gallons of untaxed moonshine whiskey. Over the whiskey was an old faded comforter and on the car was a pair of handmade helper springs. The seat left at Clark's home fit and the upholstery matched the car in which the liquor was found. Crowley, Clark's codefendant, was not called as a witness by either Clark or the Government. When both the Government and Clark had rested, the court called Crowley as the court's witness. He testified that he was arrested with about 300 gallons of untaxed whiskey in his possession, had entered a plea of guilty and was awaiting sentence. In response to specific questions of the court, designating times and places, Crowley admitted two convictions for burglary and four for illegal liquor transactions. He was asked where he got the money to buy the liquor and during the interrogation on this he was asked if his TV had not been attached and if he had not been sued by doctors. He testified that he had the helper springs made in Columbus, Georgia, that the blanket "was one of the old ones there at the house I got." He admitted leaving the rear seat and back rest in Clark's premises but did so without Clark's knowledge or permission. He knew Clark and had worked with him at a mill. His testimony was positive that Clark was not implicated in his moonshine venture and knew nothing about it. The court, in the jury's presence, told Crowley that "You smell like you are drinking whiskey," and twice asked him if he had been drinking.

Such was the evidence upon which Clark was convicted, evidence which he asserts is insufficient in law. The Government urges that the evidence requires that the conviction be sustained under the aiding and abetting statute,[1] and that Clark, although making a motion for acquittal at the close of the Government's case, failed to renew the motion at the close of all the evidence and so is precluded from raising the question as to the sufficiency.

We are cautioned by the United States Attorney to view the evidence in the light most favorable to the Government, and that we are not to invade the province of the jury by passing upon questions of credibility or the weight of the evidence. We look at the evidence as it comes before us in the record and are unable to find anything more than suspicion and surmise to sustain the conviction of Clark, the appellant. To sustain the conviction of Clark on the theory that he was an aider and abettor there must be evidence that he aided and abetted Crowley in transporting and concealing the untaxed whiskey.

Crowley put the back seat of his car in a truck parked at Clark's residence. It was not shown and is not to be presumed that he authorized it or that he knew of it prior to Crowley's arrest. It seems doubtful that the evidence is sufficient to warrant an inference that the helper springs found on Crowley's car and the worn out, faded, golden-colored comforter found in Crowley's car were the same as had been previously seen in Clark's car, but if it be assumed that such inference was permissible it would not follow that Clark put them into Crowley's possession for the purpose of permitting them to be used in the commission of a crime. Clark was on a highway at the time Crowley was arrested some miles away. The Government does not show how this was aiding and abetting Crowley. Nor do we see how the possession by Clark of jacks and heavy duty tires can be related to the liquor that was being hauled by Crowley. In order to aid and abet another it is necessary that a defendant in some sort associate himself with the venture, that he participate in it as something that he wishes to bring about, that he seek by his action to make it succeed. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919; United

1. Whoever commits an offense against the United States or aids, abets, counsels, induces or procures its commission, is punishable as a principal. 18 U.S.C.A. § 2(a).

States v. Peoni, 2d Cir., 1938, 100 F.2d 401. Helper springs, heavy duty tires and jacks, are not badges of the moonshine industry, the possession of which would imply some participation in an offense committed by another and the same is true, we think, of comforters.

■ This court, although recognizing that questions as to credibility of witnesses and weight of evidence are for the jury, has the right and, we may say, is under a duty, to examine the record and determine whether there was any competent and substantial evidence fairly tending to support the verdict of guilt. In so reviewing the sufficiency of the evidence to justify a finding of guilt beyond a reasonable doubt in a circumstantial evidence case, the test we are to apply is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Riggs v. United States, 5 Cir., 1960, 280 F.2d 949; Cuthbert v. United States, 5 Cir., 1960, 278 F.2d 220; Dicks v. United States, 5 Cir., 1958, 253 F.2d 713. Our examination of the record convinces us that there was a complete absence of evidence from which the jury could properly find or infer beyond a reasonable doubt, that every reasonable hypothesis had been excluded except that of guilt of the transportation or concealment of untaxed whiskey, or of aiding or abetting Crowley in doing so.

■■ The Government urges that the sufficiency of the evidence is not before us for review because Clark's motion for acquittal was not made at the close of all of the evidence. As soon as the motion for acquittal, made at the close of the Government's case, had been denied, the appellant announced that the defense rested, and no testimony was offered by him. If a defendant offers evidence after his motion for acquittal is overruled, the question of the sufficiency of the evidence can properly be preserved for review only if the motion is renewed at the close of all the evidence. It is the introduction of evidence by a defendant which waives his objection to a denial of his motion for acquittal. United States v. Calderon, 348 U.S. 160, 164 note 1, 75 S.Ct. 186, 99 L.Ed. 202; Harris v. United States, 5 Cir., 1961, 285 F.2d 85; 4 Barron & Holtzoff, Federal Practice and Procedure 236, § 2222. It is difficult to see how the trial court, by calling and examining a witness, could do any waiving for the defendant. But whether or not the putting on of testimony by the court was a waiver of Clark's motion for acquittal, the circumstances here are such as fully warrant a review of the evidence under the plain error rule. See Meeks v. United States, 5 Cir., 1958, 259 F.2d 328; Tomley v. United States, 5 Cir., 1958, 250 F.2d 549, certiorari denied 356 U.S. 928, 78 S.Ct. 716, 2 L.Ed.2d 759; Demos v. United States, 5 Cir., 1953, 205 F.2d 596, certiorari denied 346 U.S. 873, 74 S.Ct. 123, 98 L.Ed. 382; Thomas v. United States, 5 Cir., 1951, 189 F.2d 430; Ansley v. United States, 5 Cir., 1943, 135 F.2d 207.

■ Because of the absence of the relevant substantial evidence from which the jury could properly determine beyond a reasonable doubt that Clark was guilty of the offense with which he was charged, the judgment must be reversed. The cause will be remanded so that a new trial may be had, if the Government can produce other evidence which in the opinion of the district court, will warrant a retrial. See Riggs v. United States, supra.

Reversed and remanded.

DE VANE, District Judge, dissenting.

In the course of his opinion Circuit Judge Jones states:

"We are cautioned by the United States Attorney to view the evidence in the light most favorable to the Government, and that we are not to invade the province of the jury by passing upon questions of credibility or the weight of the evidence. We look at the evidence as it comes before us in the record and are unable to find anything more than suspicion and the surmise to sustain the con-

viction of Clark, the appellant. To sustain the conviction of Clark on the theory that he was an aider and abettor there must be evidence that he aided and abetted Crowley in transporting and concealing the untaxpaid whiskey."

I view the evidence in this case much as did the jury and the District Judge and I am convinced, as they were, that the evidence is sufficient to sustain the conviction of Clark. Circumstantial evidence in no case is ever positive proof, but in this case it and other evidence in the case is certainly sufficient to support the jury verdict.

I, therefore,

Dissent.