**Robert Calvin KNAPP, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19388.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

Robert Calvin Knapp, Houston, William L. Garwood, Austin, Tex., for appellant.

Scott T. Cook, Asst. U. S. Atty., William L. Bowers, Jr., Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

Convicted on counts five and six of a ten count indictment, charging various narcotics offenses, and sentenced on each count, the sentences to run concurrently, the defendant Knapp has appealed.

At the close of the Government's evidence, Knapp made a motion for a judgment of acquittal which the court denied as to counts five, six and seven, and the motion was not renewed at the close of the whole case. The other counts were then dismissed, and he was convicted on counts five and six.

No exceptions were taken to the charge and no requests for charges were made; indeed, appellant wholly failed to comply with Rule 30 of the Federal Rules of Criminal Procedure, which in part provides:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Appellant, therefore, who, though represented here by court appointed counsel, was represented below by counsel of his own choice, finds himself as to each of the errors assigned in the position of the appellant in Tomley v. United States, 5 Cir., 250 F.2d 549 et seq., of being obligated to show not only that there was error in the matters complained of, but that the errors were, within Rule 52, plain error affecting his substantial rights which may, and should, be noticed although they were not brought to the attention of the trial court.

Appellant's court appointed counsel, recognizing his heavy burden, argues first that there was no evidence that the alleged narcotics, for the sale of which defendant was convicted, were illegally imported, none that they were in the actual possession of the defendant, and that it was plain error for the court, under the statute,[1] to submit the issue of constructive possession.

1. 21 U.S.C. § 174 provides:
"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any

He further argues that the evidence, circumstantial as it was, was insufficient to connect the defendant in any way with the alleged narcotics.

■ We do not think so. On the contrary, we think it plain that the evidence was amply sufficient to show that the defendant was the real principal in the handling of the narcotics in question and there was ample evidence to support the jury's finding of guilt.

On the issue of constructive possession, the appellant insists that the court erred in his definition of constructive possession and that the evidence was wholly insufficient to show that the defendant had any possession of the narcotics, constructive or otherwise. He argues further that evidence to connect the defendant with the narcotics, the subject of the sale or sales, was purely circumstantial and that it showed no more than knowledge by the defendant of the fact that Howard, from whom the evidence showed the narcotics were actually bought by the government agent, had possession of such narcotics prior to their sale and that in reality it did not show that the defendant knew of this fact.

We cannot agree that this is so. In addition to the evidence of defendant's knowledge as to where the narcotics were and of Howard's activity with respect to them, the defendant admitted that he and Howard were partners in the narcotics business, and there was evidence that defendant and Howard had a joint bank account in which the proceeds of the narcotics sales were deposited.

■■ While this court has consistently held that a jury should exercise great caution in convicting on circumstantial evidence which was merely consistent with defendant's guilt and not wholly inconsistent with his innocence, in the end the rule which prevails has been stated and applied time and again, and was properly applied here. This rule is that in circumstantial evidence cases, the test to be applied on motion for judgment of acquittal and on review of the case on appeal is not whether, in the opinion of the trial judge or of the judges of the appellate court, the evidence fails to exclude every hypothesis other than guilt, but rather there was evidence from which the jury might reasonably so conclude. Vick v. United States, 5 Cir., 216 F.2d 228. Here, when the evidence is so considered, it is, we think, quite clear, that on the evidence the defendant was sufficiently associated with the drug as to be found by a jury to have had dominion and control over it and, therefore, possession of it so as to support the conviction.

It is true that no direct evidence puts the defendant in actual manual possession of the drug, but it is equally true that there is ample evidence from which the jury could have found that he and Howard were associated in the handling of the drugs and that Howard's possession was also the defendant's possession. Cf. United States v. Jones (2nd Cir.), 308 F.2d 26.

■ Neither does the appellant stand any better upon his complaint that the court erred in instructing the jury that the explanation of possession required of appellant under 21 U.S.C. § 174 had to come from the defendant and had to satisfy the jury instead of merely generating a reasonable doubt of guilt in their minds. It must be rejected primarily because the defendant failed to take any exception or make any objection to give

such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years, and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237 (c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

**74**

the court an opportunity to correct the error if there was one. If, therefore, the matter could be considered error, since the defendant could have protected himself by objecting to the charge and furnishing the court a proper one, it should not be considered as reversible error.

We have carefully considered the other points made by the appellant against the conviction and sentence and find no reversible error in any of them.

 Finally, of appellant's scatter gun assignment, that even if none of the assignments individually present reversible error, taken as a whole they do, it is, we think sufficient to reject the claim, saying of it that, while this court may and will, where the case as a whole presents an image of unfairness which has resulted in the deprivation of defendant's constitutional rights, reverse even though none of the claimed errors is sufficient in itself to require reversal, this is not such a case. Here appellant is in no position to assign any of the errors since he failed to comply with mandatory Rule 30. Moreover, there is not one of them which, when viewed in a substantial way and apart from an over technical viewpoint, presents substantial error. Indeed, the case taken as a whole shows that appellant was the head and front of the criminal operation, and, though he thought he had figured out how to have his cake and eat it too, how to have control and dominion of the narcotics and to be in the position of an entrepreneur in the business without putting himself in jeopardy with respect to it, he has as matter of fact steered too close to the sands to try his wit and made shipwreck of his venture. In short, the defendant has been playing with fire and, having gotten burned, he now wants the court to look away from his singed hands and his acts of criminal complicity and let him go scot-free. Appellant's appointed counsel has made a very faithful effort in his behalf, but we think it clear that, learned and faithful as he was,

there were more difficulties in his way than he could overcome, and that the judgment must be affirmed.

Affirmed.