**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie J. AMBERS, Defendant-Appellant.**

No. 26618

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Sept. 5, 1969.

Certiorari Denied Jan. 19, 1970.

See 90 S.Ct. 686.

Charles S. Conley, Montgomery, Ala., for appellant.

Ira DeMent, U.S. Atty., Jack B. Patterson, Asst. U.S. Atty., Montgomery, Ala., Fred M. Vinson, Jr., Asst. Atty. Gen., Beatrice Rosenberg, J. Thomas Carroll, Jr., Attorneys, Department of Justice, Washington, D.C., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded

on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

Appellant, Willie Ambers, was indicted on a single count for embezzling union funds in violation of Title 29, U.S.C. § 501(c). Upon return of a guilty verdict he was sentenced to eighteen months imprisonment. He appeals on the ground that the evidence was insufficient to sustain the verdict.

At the conclusion of the government's case appellant "moved to dismiss the indictment" on the ground that the government had failed to establish a prima facie case. The court denied the motion and appellant then introduced evidence in his own behalf. He did not renew his motion at the close of all of the evidence.

The record indicates that Ambers' attorney was attempting to challenge the sufficiency of the evidence by his motion to dismiss the indictment. The proper procedure was a motion for judgment of acquittal. Rule 29, F.R. Crim.P. We can, and do in this instance, disregard the mislabeling of appellant's motion.

It is more difficult, however, to disregard the fact that the motion was not renewed at the close of all of the evidence. This failure to renew the challenge operates to waive the benefit of the motion and precludes appellate review, unless a failure to review would result in a manifest miscarriage of justice. Meeks v. United States, 5 Cir. 1958, 259 F.2d 328.

We have reviewed the record in this case and cannot say that it is so devoid of evidence pointing to appellant's guilt that it would be a manifest miscarriage of justice not to set the verdict aside. Indeed, viewed in the light most favorable to the government [1]

the evidence presented ample circumstances from which guilt was properly inferable by the jury. The judgment of conviction is

Affirmed.

---

1. Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.