**UNITED STATES of America,**

**v.**

**Amilcar CACERES–PRADO, aka Esteban Matias, Jr., and Maria I. Garces-Patarroyo, Defendants.**

**Cr. No. 84–379.**

United States District Court, D. Puerto Rico.

Dec. 28, 1984.

Nydia Díaz Buxó, Caguas, P.R., for defendants.

Daniel Lopez Romo, U.S. Atty. (Crim. Div.), San Juan, P.R., and José A. Quiles, Hato Rey, P.R., for the United States.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court is defendant María I. Garcés-Patarroyo's motion to dismiss the two-count indictment returned against her on November 21, 1984, charging her with violations of 18 U.S.C. §§ 2, 1542, and 911. Defendant essentially makes three arguments to support her motion. First, she argues that the Government has insufficient evidence to prove the violations charged. Second, she argues that relevant and important facts were not presented to the Grand Jury, and therefore the Grand Jury had insufficient facts to properly return the indictment. And, third, she maintains that the indictment, particularly Count One, is duplicitous in that more than one crime has been charged in that one count. The Government opposed the motion on all grounds.

For the reasons stated below, the defendant's motion to dismiss shall be denied.

## A. INSUFFICIENCY OF EVIDENCE TO CONVICT

A challenge to the sufficiency of Government evidence is more properly made by motion for judgment of acquittal, after the Government presents its evidence at trial. *U.S. v. Ambers*, 416 F.2d 942 (5th Cir.1969). Questions of fact, credibility of witnesses and weight of the evidence is for the jury to decide. *U.S. v. Tane*, 329 F.2d 848 (2d Cir.1964); *U.S. v. Medows*, 540 F.Supp. 490 (S.D.N.Y.1982). If a motion to dismiss raises a question of law, rather than fact, then the motion would be properly considered. *U.S. v. Korn*, 557 F.2d 1089, 1090 (5th Cir.1977); *U.S. v. Jones*, 542 F.2d 661, 664 (6th Cir.1976).

The instant motion raises only the sufficiency of the evidence, not an issue of law, and must therefore be denied, as premature.

## B. INSUFFICIENCY OF EVIDENCE TO INDICT

Defendant María I. Garcés-Patarroyo also moves to dismiss the indictment on the grounds that the Grand Jury was not presented with sufficient facts to have properly returned the indictment. There is a presumption of regularity attached to grand jury proceedings, *U.S. v. Costello*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), that is not easily overcome. Defendant's vague and conclusory allegations of insufficient evidence is not enough to do so in this case. Compare *Ostrer v. Aronwald*, 567 F.2d 551 (2d Cir. 1977). See also, *U.S. v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir.1980), cert. denied, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). It is not proper to litigate the sufficiency of evidence presented to Grand Jury on a motion to dismiss. *U.S. v. Martinez*, 466 F.2d 679 (5th Cir. 1972), citing *U.S. v. Costello*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *U.S. v. Ambers*, 416 F.2d 942, 943 (5th Cir.1969).

## C. DUPLICITOUS INDICTMENT

Defendant finally argues that the charges against her should be dismissed because the indictment is duplicitous. The Government responds by stating that it must charge a defendant with the violation of both the substantive crime statute, and the aiding and abetting statute.

However, the defendant argues not only that she has been charged with violating 18 U.S.C. § 2 (the aiding and abetting statute), *and* 18 U.S.C. § 1542, but that the wording of the indictment allows for two charges under 18 U.S.C. § 1542, the substantive statute.

After a close reading of Count 1 of the indictment the Court concludes that it is in fact duplicitous. That is, it charges defendant María I. Garcés-Patarroyo with two substantive violations, in one count. The indictment charges that:

> On or about November 11, 1982, in the District of Puerto Rico and within this jurisdiction, Almicar Caceres Prado aka Esteban Matias jr. and Maria I. Garces Pattarroyo the defendants herein did aiding and abetting each other knowingly and willfully and for the purpose of boarding passage to New York *did use and attempt to use Passport No. C2646143* issued under the authority of the United States, *the issuance of which they had secured by reason of a false statement* in an application therefore by Almicar Caceres Prado at a passport agency of the Department of State, on or about December 9, 1982 at Brooklyn, New York State of New York ... All in violation of Title 18 United States Code 2, 1542.

A reading of 18 U.S.C. § 1542 reveals that it contains at least two separate and distinct crimes. This Section contains two paragraphs, separated by the conjunction "or." The first paragraph makes it unlawful for a person *to induce or secure the issuance* of a passport under the authority of the United States by making a false statement. The second paragraph makes it unlawful for a person to *use or attempt to*

---

*use, or furnish to another for use* any passport the issuance of which was secured in any way by reason of any false statement.

This reading of the statute is supported by *U.S. v. Gabriner*, 571 F.2d 48 (1st Cir. 1978), involving an indictment charging defendant with violation of 18 U.S.C. 1542 for having *made a false statement* in an application for a passport and for conspiring to do so. Although the conviction was overturned on other grounds, the indictment for having only *made* a false statement, not for having *used* the ill-gotten passport, was not held insufficient.

■ Charging defendant with aiding and abetting the securing of a passport by making a false statement, and also with aiding and abetting the use of that passport in one count, is duplicitous.

The danger of an indictment that charges more than one substantive crime in a single count is that there is no way in which the jury can convict on one offense and acquit on another offense contained in the same count. 1 Wright & Miller, *Criminal*, Section 142 at p. 475 (1982). A general verdict of guilty will not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all. Id. See also, *U.S. v. Pavloski*, 574 F.2d 933 (7th Cir.1978); *U.S. v. UCO Oil Co.*, 546 F.2d 833 (9th Cir.1976).

■ Duplicity is not fatal to an indictment, and does not require dismissal. 1 Wright & Miller, *supra*, at p. 474–475. Charges improperly joined in a single count may be segregated into a single count, or the Government may be ordered to elect on which count it will proceed. See, *U.S. v. UCO Oil Co., supra*, 546 F.2d at 835, where the District Court below only dismissed after the Government refused to elect upon a finding of duplicity.

WHEREFORE, defendant's motion to dismiss is hereby DENIED. The Government is hereby granted ten days to elect on which violation of 18 U.S.C. § 1542, charged in Count One of the Indictment, it shall proceed. Failure to do so shall result in dismissal of count one of the indictment.

IT IS SO ORDERED.