**UNITED STATES of America, Appellee,**

v.

**Luis M. BOSCHETTI, Appellant.**

No. 85–5133.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1985.

Decided July 9, 1986.

Warren C. Sogard, Fargo, N.D., for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and ROSENBAUM *, District Judge.

ROSENBAUM, District Judge.

A United States District Court jury convicted Luis M. Boschetti of aiding and abetting cocaine distribution in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 846. From this conviction he appeals.

For his appeal, he argues the district court[1] erred in denying his motion for a new trial based on 1) the prosecutor's failure to disclose *Brady* material; 2) newly discovered evidence; and 3) the totality of the trial circumstances. For the reasons set forth below, we affirm the judgment of the district court.

*Facts*

On September 29, 1984, Drug Enforcement Administration Special Agent Charles Lee arrested Han Pyong Chong and his companion, Steven Aguilar, after Chong attempted to sell cocaine to Special Agent Lee. Aguilar was interviewed following his arrest. During this interview Aguilar named appellant Luis Boschetti as Chong's source for the cocaine. Boschetti was indicted on December 6, 1984, and was subsequently arrested on December 12, 1984. He was arraigned on December 28, 1984, at which time counsel was appointed.

Boschetti's counsel contacted the United States Attorney's Office on a timely basis regarding pretrial discovery. He was advised that the government was following an "open file" policy, and was given two reports relating to Boschetti's case. Those reports referenced additional undisclosed reports which defense counsel requested. Upon being provided, those additional reports referenced still other undisclosed reports which caused defense counsel to file a formal motion for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. His motion specifically requested all material resulting from or a product of any electronic eavesdropping and surveillance and all *Brady* material. The prosecutor provided no additional discovery information after January 17, 1985.

On January 29, 1985, the day before trial, the Assistant United States Attorney informed defense counsel that approximately 36 tape recordings relating to the case were being made available to him. At the opening of trial on January 30, 1985, defense counsel raised the issue of the newly disclosed tapes. The court noted the prosecutor would not have to disclose further information unless it was exculpatory and directed the government to indicate whether any information on the tapes was favorable to appellant. The prosecutor said he was unaware of any exculpatory material on the tapes.

On the third day of trial, after defense counsel had an opportunity to review the tapes, he informed the court that at least three tapes contained exculpatory information. These tapes consisted of telephone conversations between Special Agent Lee and Han Pyong Chong on the day before Chong was arrested. In these conversations, Chong told Lee he had cocaine to sell. These conversations occurred prior to the time appellant was to have supplied Chong with the cocaine. The defense suggests this advertisement of possession exculpates appellant Boschetti.

Defense counsel made a motion to dismiss based on the prosecutor's failure to disclose exculpatory information. The

---

* The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Paul Benson, United States Chief District Judge for the District of North Dakota.

court denied the motion. Defense counsel then moved for a continuance in order to fully review the tapes for all exculpatory information. The court also denied this motion. The trial proceeded with defense counsel questioning Special Agent Lee about the three telephone conversations.

Also on the third day of trial, defense counsel moved for a continuance based on newly discovered evidence. On the previous trial day, January 31, 1985, Han Pyong Chong testified he called Boschetti on September 28, 1984, between 4:00 and 4:30 p.m. requesting cocaine. After Chong testified, Boschetti remembered he was in a cab on the afternoon of September 28, 1984, at the precise time when Chong allegedly called him. Defense counsel represented to the court that he was seeking the cab driver who could confirm this recollection and requested the continuance on this ground. The court denied this motion.

Following the three day trial, the jury found appellant guilty on both counts of the two count indictment. He then moved the court for a new trial, which motion was denied. Appellant was sentenced to five years on each count of the indictment to run concurrently, together with a special parole term of three years on Count I. This appeal followed.

*Discussion*

Appellant argues the trial court erred in denying his motion for a new trial based on 1) the prosecutor's failure to disclose exculpatory information requested not only by appellant, but also by the trial court; 2) newly discovered evidence; and 3) the totality of the trial circumstances. The denial of a new trial motion will not be disturbed on appeal unless the trial court abused its broad discretion in denying the motion. *United States v. Davis*, 785 F.2d 610, 618 (8th Cir.1986); *United States v. Ferguson*, 776 F.2d 217, 225 (8th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). We find the trial court did not abuse its discretion.

A. *Brady*

Appellant contends his conviction must be reversed because the government failed

to disclose that information on the tape recordings, provided to defense counsel the day prior to trial, tended to show Han Pyong Chong had cocaine in his possession before appellant allegedly delivered it to him. In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), the United States Supreme Court held, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, — U.S. —, 105 S.Ct. 3375, 3384, 3385, 87 L.Ed.2d 481 (1985); *Nassar v. Sissel*, 792 F.2d 119, 121 (8th Cir.1986). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 105 S.Ct. at 3384 (plurality opinion).

█ We find Boschetti has failed to make the requisite materiality showing. Defense counsel discovered during trial three telephone conversations between Han Pyong Chong and Special Agent Lee which appellant contends show Chong had cocaine in his possession prior to the time Boschetti allegedly delivered it to him. While the substance of these conversations should have been disclosed to defense counsel, it was discovered in time to be of use in the trial process. The content of the conversations was presented to the jury through the cross-examination of Special Agent Lee. By the jury's verdict, it is obvious the exculpatory implications of the conversations were rejected. A jury's determination will be overturned on appeal only if a reasonable jury could not have found guilt beyond a reasonable doubt. *United States v. Davis*, 785 F.2d 610, 619 (8th Cir.1986). Such is not the case here.

Subsequent to trial, defense counsel found an additional telephone conversation he asserts shows appellant's non-involve-

ment in the cocaine transaction. This conversation is merely cumulative to those presented to the jury. Since defense counsel made the jury aware of the seemingly exculpatory conversations, we find appellant was not prejudiced by the prosecutor's nondisclosure. See, *United States v. Nixon*, 634 F.2d 306, 313 (5th Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981). Under these circumstances, we cannot say the prosecutor's nondisclosure is sufficient to undermine our confidence in the jury's verdict.

This Court feels it appropriate to note that by our holding, we do not condone the prosecutor's conduct in this case. We wish to emphatically state the prosecutor's nondisclosure of possibly exculpatory information is inconsistent with the Supreme Court's holding in *Brady v. Maryland*, although the nondisclosure in this case does not require reversal. As Justice Marshall said in his dissent in *United States v. Bagley*, 105 S.Ct. at 3389–90 (citations omitted):

[We] begin from the fundamental premise, which hardly bears repeating, that "[t]he purpose of a trial is as much the acquittal of an innocent person as it is the conviction of a guilty one." When evidence favorable to the defendant is known to exist, disclosure only enhances the quest for truth; it takes no direct toll on that inquiry. ...

....

... When favorable evidence is in the hands of the prosecutor but not disclosed, the result may well be that the defendant is deprived of a fair chance before the trier of fact, and the trier of fact is deprived of the ingredients necessary to a fair decision. ... [I]n acknowledgement of the fact that important interests are served when potentially favorable evidence is disclosed, the Court has fashioned a compromise, requiring that the prosecution identify and disclose to the defendant favorable material that it possesses. This requirement is but a small, albeit important; step toward equality of justice.

**B.** *Newly Discovered Evidence*

■ The appellant also asserts his conviction must be reversed because of newly discovered evidence. At trial, Han Pyong Chong testified he called appellant at about 4:00 or 4:30 p.m. on September 28, 1984, seeking cocaine. He stated appellant delivered the cocaine shortly thereafter. Appellant contends that during trial he recalled he was in a cab the afternoon of September 28, 1984, at the time Chong claims to have called him. Subsequent to trial, defense counsel located the driver of the cab in which appellant was riding on September 28, 1984. The cab driver submitted an affidavit and company records stating that at 2:55 p.m. on September 28, 1984, he drove the appellant and another on a cab ride lasting about an hour and twenty minutes. This taxi tour encompassed two or three stops including one to a tailor shop owned by Chong. The fare for the cab ride was $35.00.

To grant a new trial based on newly discovered evidence, five prerequisites must be met:

1) the evidence must be in fact newly discovered, that is, discovered since the trial;[2]

2) facts must be alleged from which the court may infer diligence on the part of the movant;

3) the evidence relied upon must not be merely cumulative or impeaching;

4) it must be material to the issues involved; and

5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Bednar*, 776 F.2d 236, 238 (8th Cir.1985); *United States v. Ferguson*, 776 F.2d 217, 225 (8th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986).

The Court concludes that notwithstanding any of the other four tests, the appellant failed to allege facts from which the Court may infer diligence on his part; he was dilatory in obtaining the information

---

**2.** The prosecutor concedes the evidence here is   newly discovered.

regarding the existence of the cab driver and the company documents. The Court finds it difficult to believe appellant could have "forgotten" he was in a cab for approximately one hour and twenty minutes on September 28, 1984, especially when that cab ride cost him $35.00. It is no less likely that upon hearing Chong's testimony and the possible time-frame discrepancy, appellant seized upon the cab ride as an alibi.

Further, on January 7, 1985, the prosecutor gave to defense counsel Special Agent Lee's report of the interview and debriefing of Han Pyong Chong following his arrest. This report states Chong called appellant at about 4:00 p.m. on September 28, 1984, to obtain cocaine and appellant delivered the cocaine shortly thereafter. This previously disclosed information is totally consistent with Chong's testimony at trial. And it is this consistent testimony which appellant contends jogged his memory concerning the cab ride. Therefore, only appellant's lack of diligence can account for his failure to remember, prior to trial, the cab ride during the crucial time period. It is clear then, the trial court did not abuse its discretion when denying appellant's motion for a new trial.

### C. *Totality of the Circumstances*

■ Appellant contends the totality of the trial circumstances, including the speed with which the case was brought to trial and the prosecutor's failure to disclose exculpatory evidence on the tape recordings, denied him due process and resulted in an unfair trial. It is well established that, "[T]his [C]ourt may and will, where the case as whole presents an image of unfairness which has resulted in the deprivation of [appellant's] ... constitutional rights, reverse even though none of the claimed errors is sufficient in itself to require reversal." *United States v. Steffen*, 641 F.2d 591, 598 (8th Cir.), *cert. denied*, 452 U.S. 943, 101 S.Ct. 3091, 69 L.Ed.2d 959 (1981), quoting *Knapp v. United States*, 311 F.2d 71, 74 (5th Cir.1962). But, a reversal will be required only where substantial prejudice to appellant is shown. *Steffen*, 641 F.2d at 598.

Boschetti's trial did not present an image of unfairness. He was given a speedy trial after his specific request to accelerate the proceedings. Yet the trial properly took place more than 30 days after the court appointed counsel as required by the Speedy Trial Act. See, 18 U.S.C. § 3161(c)(2). The expedition of the proceedings was, then, consistent with the wishes of appellant and the mandate of Congress as set forth in the Speedy Trial Act. See, 18 U.S.C. § 3161(c)(1).

As seen above, the failure of the United States to disclose *Brady* material does not fall to the level requiring reversal. Lastly, the denial of a new trial based on newly discovered evidence was properly within the district court's discretion. *United States v. Bednar*, 776 F.2d 236, 238 (8th Cir.1985). We cannot say, then, appellant was denied due process or received an unfair trial. Appellant's conviction will stand.

Accordingly, the judgment of the district court is affirmed.