**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard Clayton SWANN, Jr., and Thomas Franklin Swann, Defendants-Appellants.**

**No. 26973.**

United States Court of Appeals Fifth Circuit.

June 25, 1969.

J. Clinton Sumner, Jr., Rome, Ga., for appellants.

Charles L. Goodson, U. S. Atty., F. D. Hand, Charles B. Lewis, Jr., Asst. U. S. Attys., Atlanta, Ga., Allen L. Chancey, Jr., Acting U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and COMISKEY, District Judge.

PER CURIAM:

The appellants were found guilty by a jury in the United States District Court for the Northern District of Georgia on a single-count indictment charging that they did knowingly and unlawfully possess a quantity of distilled spirits in

containers not having tax stamps affixed thereto in violation of 26 U.S.C. §§ 5604(a) (1) and 5205(a) (2). Both appellants contend that the testimony and evidence concerning the thirty-six gallon jugs containing distilled spirits found in the vehicle in which they were traveling should have been suppressed. In support of this contention their chief arguments are (1) that the containers of distilled spirits were obtained by an unlawful search and seizure and (2) that their arrest was illegal because there was no probable cause, no warrant of arrest and the arresting officers acted without authority. As to the appellant Thomas Franklin Swann, it is claimed that the evidence of possession of the contraband by him was not sufficient to support a conviction. We affirm.

██ Officer Smith, a county alcohol control agent of Floyd County, Georgia, was informed by a federal investigator that some liquor had been found behind an old house at the end of a little-used field road in Bartow County, Georgia. Smith and another Floyd County agent, Officer Crumbley, went to the house and found ninety gallons of liquor in one-gallon plastic jugs stashed there. They concealed themselves and observed the area. At approximately 8:00 a.m., the defendants drove to the very spot where the liquor was stashed, parked their automobile and got out. The officers could see only the top of the vehicle from their observation post. They heard the vehicle doors opened and slammed and they heard sounds which they described as "bumping noises." They also heard conversation but could not hear sufficiently clear to understand what was being said. After a few minutes the defendants got in the car and drove away along the country road. As the vehicle approached the place where the agents were concealed beside the road, the agents approached the car and drew their guns. The car stopped. The agents walked up to it and saw the one-gallon containers of liquor in the back seat area in plain view. The back seat had been removed. Howard Swann was

driving the vehicle and Thomas Franklin Swann was sitting on the passenger side. Federal officer Harmon testified that Howard Swann admitted ownership and possession of the whiskey and that Thomas Franklin Swann stated that he was "just along helping his brother." The containers appeared to be the same ones which the officers had seen earlier behind the old house. They contained moonshine liquor and no tax stamps were affixed.

We have carefully reviewed all of the contentions of the appellants, fervently and skillfully urged, but we cannot accept them. We are convinced that no reversible error was committed and that the evidence of guilt is clear, convincing and unequivocal.

The judgment is affirmed.