**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack COE and Mamie Coe, Defendants-Appellants.**

**No. 18840.**

United States Court of Appeals, Seventh Circuit.

March 26, 1971.

Rehearing Denied April 26, 1971.

James Manahan, DeWitt, Richards & Manahan, Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., James T. Roberts, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendants Jack Coe and Mamie Wilburn Coe, husband and wife, were charged in a two-count indictment with possession of moonshine whiskey in violation of Title 26, U.S.C.A. § 5604(a) (1).[1]   Count I charges both defendants with the unlawful possession of two gallons of whiskey.   Count II charges defendant Jack Coe with the unlawful possession of ten gallons of whiskey.   The offense in each count is alleged to have occurred about July 27, 1969.

Defendants were at all times represented by privately employed counsel.

1. "§ 5604. Penalties relating to stamps, marks, brands, and containers
"(a) General.—Any person who shall—
"(1) transport, possess, buy, sell, or transfer any distilled spirits, required to be stamped under the provisions of section 5205(a) (2), unless the immediate container thereof has affixed thereto a stamp as required by such section;
* * *   shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, for each such offense."

Following arraignment and pleas of not guilty, defendants filed their verified motion to suppress as evidence the subject twelve gallons of alleged whiskey seized from their possession on July 27, 1969, pursuant to a search warrant. It was alleged that the underlying affidavit filed in support of the search warrant was faulty in that it did not recite the basis of the informant's belief and did not state the time of whatever incident provided the basis for the informant's belief. Issues were closed by the Government's answer and defendant's reply, with supporting briefs. A hearing in open court was held. Evidence was presented by defendants and opening and closing arguments were heard. The matter was taken under advisement by the trial court.

The search warrant in question was issued by a United States Commissioner on July 26, 1969, upon the affidavit of Richard L. Brim, a Special Investigator of the Alcohol, Tobacco and Firearms Division, United States Treasury Department. The affidavit reads:

"I have been a Special Investigator with the Alcohol, Tobacco & Firearms Division, U. S. Treasury Department, for the past ten years. On July 20, 1969, I received information from a previously proven reliable source stating that Jack Coe was using a garage, located on the north side of the alley running east from Clifton Ave. between West 35th & 36th Streets in the 1000 block—Indianapolis, Indiana, as a storage site for moonshine whiskey. Coe is also alleged to be using a 1959 green pontiac sedan bearing 1969 Indiana license plates for transporting and delivering whiskey. He uses this garage to store this vehicle when not in use.

"Jack Coe has a previous record and reputation with the Indianapolis AT&F office for trafficking in moonshine whiskey. Coe's previous whiskey activities conforms with the facts alleged by the source—using a garage as a cache and picking up several gallons at a time for delivery to local customers.

"The informer accompanied me driving through the alley and pointed out the subject garage. Coe is alleged to be using the east half of this garage. I observed that a window on the east side of the garage was covered to prevent anyone from observing the contents.

"I also received information from a second source, previously reliable on several occasions, that Jack Coe was currently delivering whiskey to a retail bootlegger located at 17th & Columbia Street, Indianapolis, Indiana. This information during the middle of July, 1969, was obtained.

. . . . . . . . . . . . . . . .

Richard L. Brim"

Subsequently, the district court filed its memorandum order denying the motion to suppress, which reads in relevant part:

"Evidence presented at said hearing indicated that an Agent had observed defendant Mamie Wilburn Coe sitting in a vehicle with two one gallon jugs covered with paper bags, the necks and tops protruding. Past experience indicating that this type of jug was often used for storing illegal alcohol, the furtive acts of Mamie Wilburn Coe seeking to dispose of the jugs as the Agent approached, and being at that location in the first instance to search for illegal alcohol, provided probable cause for the search of the car and subsequent seizure of the two gallon jugs. Carroll v. U. S., 267 U.S. 132, 133, 45 S.Ct. 280, 285 [69 L.Ed. 543] (1925).

"The affidavit upon which the search warrant was based was constitutionally sufficient, meeting the requirements of basis and reliability established in Aguilar v. Texas, 378 U. S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723] (1964) as further defined by Spinelli v. U. S., 393 U.S. [410] 419 [89 S.Ct. 584, 21 L.Ed.2d 637] (1969), and as recently applied in this Circuit in U.

S. v. James Allsenberrie (7th Cir. April 17, 1970) [424] F.2d [1209]."

Thereafter, defendants filed a proper written waiver of trial by jury, approved by counsel for both sides and the trial court. Trial to the court was had, defendants resting without presenting any evidence. The court took the matter under advisement and, after considering posttrial briefs, filed its memorandum opinion finding both defendants guilty as charged in Count I of the indictment, and defendant Jack Coe guilty as charged in Count II of the indictment.

The relevant findings of fact in the trial court's memorandum opinion read:

"The court has found the following facts to be true, which results in a finding that the defendants, Jack Coe and Mamie Wilburn Coe, are guilty of Count I, and defendant, Jack Coe, is guilty of Count II of the indictment as charged.

"While maintaining a surveillance of a garage located at 1025 West 36th Street, Special Investigator Robert Crofford observed a 1959 Chevrolet automobile approach and stop at the garage. Investigator Crofford approached the garage as an individual identified as the defendant, Jack Coe, was walking from the garage to the vehicle. By the time Investigator Crofford reached the vehicle, defendant Jack Coe and another individual, identified as Mamie Wilburn Coe, were seated in the front seat of the car. The Investigator identified himself as a Federal Officer, showed his identification, and informed defendant, Jack Coe, that he had a search warrant for the garage. From his position beside the car, the agent observed two gallon jugs wrapped in paper sacks on the right front floorboard. The Investigator testified further that defendant, Mamie Coe, made an attempt 'to grab the sacks with the jugs.' Upon examination by Investigator Crofford, the contents of the jugs were tentatively identified to be distilled spirits. This determination was substantiated later by chemical analysis performed by Mr. C. E. Deer, Chemist, Internal Revenue Service. The jugs did not bear tax stamps indicating that the tax had been determined or paid as required by law.

"Upon searching the garage, pursuant to a search warrant properly executed, the investigating officers seized ten gallon jugs which it was later determined also contained distilled spirits. These jugs also did not bear tax stamps as required by law.

"The owner of the garage testified that she had rented the half of the garage containing the contraband to the defendant, Jack Coe, and that he had exclusive control over that part of the garage.

"The defendants, their identity having been established by the testimony of the witnesses, and it being undisputed that the defendant, Mamie Wilburn Coe, is the same Mamie Wilburn Coe that was in the vehicle the day of the arrest, and said testimony further establishing that Mamie Wilburn Coe exerted such control over the two gallon jugs that said jugs were in her control and possession,

"It is clear beyond a reasonable doubt that on or about July 27, 1969, in the Southern District of Indiana, the defendants, Jack Coe and Mamie Wilburn Coe, had in their possession two (2) gallons of untaxed distilled spirits, and further, that defendant, Jack Coe, had in his possession ten (10) gallons of untaxed distilled spirits. Accordingly, the defendants, Jack Coe and Mamie Wilburn Coe, are found guilty on Count I of the indictment; and, defendant Jack Coe, is found guilty on Count II of the indictment."

Defendant Jack Coe, on his conviction under Count I of the indictment, was given a sentence of 5 years; on the condition that he serve 90 days thereof in jail the remainder of the sentence was suspended; and he was placed on probation for three years. Further, judgment was entered that any sentence under

Count II of the indictment was suspended. Defendant Mamie Wilburn Coe was sentenced to three years imprisonment, all of which was suspended and she was placed on probation for three years.

On brief, defendants have adequately stated the two issues before us on appeal: "The defendant-appellants are contending that their conviction is based upon the fruits of a search conducted pursuant to a warrant which was insufficient on its face and that, in any case, the evidence was insufficient to convict Mrs. Coe."

■ The search of defendants' car was not made pursuant to the challenged search warrant. It was made with probable cause to believe that the necks of the two one-gallon jugs seen protruding from the sacks on the right front floorboard of the car probably contained moonshine whiskey. The findings of fact by the trial court, together with the officer's knowledge of the contents of his search warrant for the garage, his recognition of Jack Coe and Jack's reputation for trafficking in moonshine whiskey, the known description of the car and his observation of the movement of the car and the two suspects, all combine to establish probable cause for the officer to search the vehicle without a warrant. Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925).[2]

■ Further, the uncontroverted evidence clearly established the identity of both defendants. The further evidence that the two jugs of moonshine whiskey were on the floorboard of the car next to Mamie and that she attempted to grab them when the officer was standing beside the car clearly established she exerted such dominion and control over the jugs to constitute possession as to her. United States v. Swann, 5 Cir., 413 F.2d 271, 272 (1969); *Cf.,* McClain v. United States, 5 Cir., 224 F.2d 522, 525

(1955); United States v. Hodorowicz, 7 Cir., 105 F.2d 218, 220 (1939).

■ The second search was the search of the garage rented by defendant Jack Coe. It was made pursuant to the search warrant in question and resulted in finding the ten gallons of whiskey mentioned in Count II of the indictment. We look to the adequacy of the affidavit on which the warrant was issued. A careful reading of such affidavit clearly shows on its face it was constitutionally sufficient. It is enough for us to say here that the affidavit satisfies the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as further explained and modified by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969). Our holding follows and is controlled by the recent well-reasoned opinion of my Brother Kerner in United States v. Allsenberrie, 7 Cir., 424 F.2d 1209, 1214 (1970).

Finding the warrantless search of the automobile to have been made with the requisite probable cause and the search of the garage to have been made pursuant to a valid search warrant, we hold that the seizure of the twelve gallons of whiskey in containers not having affixed thereto the required tax stamps was lawful in all respects. Having further found that the evidence of possession of the two gallons of whiskey was sufficient as to Mamie Wilburn Coe under Count I of the indictment, we hold that the evidence to support her conviction thereunder was sufficient. Otherwise, the sufficiency of the evidence as to defendant Jack Coe is not seriously challenged.

For the foregoing reasons, the conviction of both defendants under Count I and that of defendant Jack Coe under Count II of the indictment will be affirmed.

Affirmed.

---

2. Recently cited with approval in Chimel v. California, 395 U.S. 752, 764, fn. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).